MALICOTE *v.* DeBONDT.

SCHILLING *v.* SAME.

MORRISON *v.* SAME.

AUTOMOBILES—GUEST PASSENGERS—SLEEP.

> Question as to liability of automobile driver to guest passengers *held,* for jury under evidence showing parties were returning from a dance early in the morning, defendant fell asleep, lost control of his car, woke up when it crossed the car tracks, would not let plaintiffs get out and, after driving a few blocks more, he again fell asleep, lost control of the car which then struck a safety zone post and plaintiffs were injured (1 Comp. Laws 1929, § 4648).

Appeal from Wayne; Campbell (Allan), J. Submitted October 8, 1937. (Docket No. 81, Calendar No. 39,624.) Decided November 10, 1937.

Separate actions of case by Dorothy Malicote, Monica Schilling and Gordon A. Morrison against Neil DeBondt for personal injuries sustained while passengers in defendant's motor vehicle. Cases consolidated for trial and appeal. Verdicts for plaintiffs. Judgments for defendant *non obstante veredicto.* Plaintiffs appeal. Reversed and judgments ordered entered for plaintiffs.

*Louis E. Letzer (Baillie & Cary,* of counsel), for plaintiffs.

POTTER, J. The parties to this suit had attended a dance and were coming home in defendant's auto-

mobile which he was driving. It was in the small hours of the morning and the defendant, driver of the automobile, fell asleep, lost control thereof, and the automobile ran across the car tracks and he was awakened. Plaintiffs insisted on getting out of the automobile and taking a taxicab which was near. Defendant did not stop the automobile, said he was all right, would not let them get out, but said he had started to take them home and intended to do so. He drove several blocks thereafter when his head dropped and he fell asleep a second time, lost control of the automobile, and it struck with great force a post of a safety zone and plaintiffs were injured. They began suit under the guest act * and at the conclusion of the trial, and after a charge with which no fault is found, recovered verdicts against defendant which the court on motion *non obstante veredicto* set aside, relying on *Perkins* v. *Roberts,* 272 Mich. 545, and rendered judgments for defendant. Plaintiffs appeal.

There was sufficient evidence to carry the case to the jury and support the verdicts within the rule established by *Manser* v. *Eder,* 263 Mich. 107.

Judgments reversed and the case remanded for entry of judgments for plaintiffs on the verdicts, with costs of both courts.

FEAD, C. J., and NORTH, WIEST, BUTZEL, BUSHNELL, SHARPE, and CHANDLER, JJ., concurred.

---

* See 1 Comp. Laws 1929, § 4648.—REPORTER.