### THAYER *v.* THAYER.

1. AUTOMOBILES—WILFUL AND WANTON MISCONDUCT—SLEEP—PRE-
MONITORY SYMPTOMS.

> A driver of an automobile overcome by sleep is not guilty of
> wanton or wilful misconduct unless it appears that he con-
> tinued to drive in reckless disregard of premonitory symptoms.

2. SAME—GROSS NEGLIGENCE—WILFUL AND WANTON MISCONDUCT—
STOMACH PAINS—CRAMPS.'

> Host motorist who experienced pains in his stomach but thought
> he was capable of driving his car home and who was unable
> to turn car at corner with which he was well acquainted because
> of cramps *held,* to have made a mistake in judgment which did
> not constitute gross negligence or wilful and wanton miscon-
> duct as a matter of law in action by guest passenger for in-
> juries sustained when car ran into ditch (1 Comp. Laws 1929,
> § 4648).

3. SAME—GROSS NEGLIGENCE—WILFUL AND WANTON MISCONDUCT.
> Gross negligence, as used in guest act, is synonymous with
> wilful and wanton misconduct (1 Comp. Laws 1929, § 4648).

4. APPEAL AND ERROR—EXCLUDED TESTIMONY—CHANGE OF ISSUE.
> In guest's action against host motorist for injuries sustained
> when car ran into ditch upon host's seizure with cramps and
> inability to drive car around a corner, exclusion of medical
> testimony as to host's temperature and physical condition
> after the accident, whether privileged or not, *held,* not re-
> versible error on appeal from judgment for defendant not-
> withstanding verdict for plaintiff, where it would not have
> resulted in any change in the determination of issue as to
> whether host was guilty of gross negligence or wilful and
> wanton misconduct and it does not affirmatively appear that
> error complained of resulted in a miscarriage of justice
> (Comp. Laws 1929, §§ 4648, 15518).

5. SAME—QUESTIONS REVIEWABLE—BRIEFS.
> Question raised by appellant but not discussed in her brief is
> not considered.

Appeal from Van Buren; Warner (Glenn E.), J. Submitted October 5, 1938. (Docket No. 40, Calendar No. 40,225.) Decided November 10, 1938.

Case by Effie Thayer against Deyo Thayer for personal injuries sustained while a guest passenger in defendant's car. Verdict for plaintiff. Judgment for defendant *non.obstante veredicto.* Plaintiff appeals. Affirmed.

*Earl L. Burhans,* for plaintiff.

*David Anderson, Sr.,* and *David Anderson, Jr.,* for defendant.

Bushnell, J. Plaintiff, Effie Thayer, a sister-in-law of defendant, Deyo Thayer, was badly injured while riding in an automobile driven by defendant. She brought an action for damages under the so-called guest act, 1 Comp. Laws 1929, § 4648 (Stat. Ann. § 9.1446), charging the defendant with gross negligence. The court, after reserving decision on defendant's motion for directed verdict under the provisions of the Empson act, 3 Comp. Laws 1929, § 14531 (Stat. Ann. § 27.1461), submitted the cause to a jury, which rendered a verdict for plaintiff in the sum of $720.58. Later the trial judge filed a written opinion and entered a judgment for the defendant notwithstanding the verdict.

On August 1, 1937, defendant and his wife, who lived at Paw Paw, drove to a farm near Gobles, where plaintiff Effie Thayer joined them to call on a sick relative at South Haven. En route, Mrs. Stuart, a sister of Mr. Thayer, living at Bloomingdale, became one of the group. Before returning home someone suggested that they visit Old Baldy, a large sand

dune near Saugatuck. When the party reached Old
Baldy, defendant Thayer experienced pains in his
stomach. The parties went into a drug store, where
the three women had some ice cream and Thayer
drank some ginger ale, thinking it would warm up
his stomach. Before leaving Saugatuck he had a
chill and stated that he did not feel very well. Later
he remarked that he wished Fra (his granddaughter)
were with them as no one else in the party besides
himself could drive a car. While on the way home
defendant reached Barnard's Corners, a locality
with which he was well acquainted, and just as he
was about to turn the corner he was seized with
cramps, could not move the steering wheel, went
across the corner and into a ditch. He stated upon
cross-examination that he thought he was capable
of getting the car home.

It is claimed that the action of the defendant under
these circumstances was gross negligence and that
plaintiff is therefore entitled to recover for the dam-
ages she sustained. The guest statute precludes
recovery—"unless such accident shall have been
caused by the gross negligence or wilful and wanton
misconduct of the owner or operator of such motor
vehicle and unless such gross negligence or wilful
and wanton misconduct contributed to the injury,
death or loss for which the action is brought."

It is argued that the situation is analogous to guest
cases where automobile drivers have been overcome
by sleep. See *Manser* v. *Eder*, 263 Mich. 107; *Boos*
v. *Sauer*, 266 Mich. 230; *Perkins* v. *Roberts*, 272
Mich. 545, and *Malicote* v. *DeBondt*, 281 Mich. 650.
The rule adopted in the "sleep" cases, *supra*, is
based upon the presence of premonitory symptoms
at some time in the chain of circumstances. As
stated in *Perkins* v. *Roberts, supra:*

"A driver overcome by sleep is not guilty of wanton or wilful misconduct unless it appears that he continued to drive in reckless disregard of premonitory symptoms."

When one is overcome by drowsiness he has a tendency to lose control of his faculties, but pains such as the defendant experienced do not necessarily put one on notice that he would so lose control of himself that he would be unable to turn the wheel of his car.

Defendant's testimony that he thought he would be able to get his car home is not controverted. We are unwilling to hold that this mistake in judgment constituted either "gross negligence or wilful and wanton misconduct."

In *Armstrong* v. *Cook*, 250 Mich. 180, plaintiff was precluded from recovery because no negligence of the defendant was shown, although the driver of the car lost consciousness or fainted when she started to cross an intersection. A similar situation developed in *Cohen* v. *Petty*, 62 App. D. C. 187 (65 Fed. [2d] 820), where the defendant driver fainted and an accident followed.

Cases involving claimed wanton and wilful misconduct are equally applicable to a situation where gross negligence is charged because, notwithstanding our division in *Olszewski* v. *Dibrizio*, 281 Mich. 423 (2 N. C. C. A. [N. S.] 456), we have recently unanimously held in *Pawlicki* v. *Faulkerson*, 285 Mich. 141, that the term "gross negligence" as used in the guest statute is synonymous with wilful and wanton misconduct.

Appellant argues that the court was in error in excluding certain medical testimony offered by plaintiff as to defendant's temperature and physical condition after the accident. Such testimony, whether

privileged or not, would have been of little aid in our determination of the question of gross negligence and, in our opinion, would not have resulted in any change in the determination of the issue here involved. Nor does it "affirmatively appear that the error complained of has resulted in a miscarriage of justice." 3 Comp. Laws 1929, § 15518 (Stat. Ann. § 27.2618).

The other question raised by appellant is not discussed in her brief and will not be considered.

The judgment *non obstante veredicto* is affirmed, with costs to appellee.

WIEST, C. J., and SHARPE, POTTER, CHANDLER, NORTH, and MCALLISTER, JJ., concurred. BUTZEL, J., did not sit.