## SHEPHERD v. BARBER

1. AUTOMOBILES — NEGLIGENT ENTRUSTMENT — OWNER LIABILITY — STATUTE.

The common-law remedy against the owner of an automobile for negligent entrustment is unimpaired by the owner liability statute (MCLA § 257.401).

2. NEGLIGENCE—GROSS NEGLIGENCE—EVIDENCE—QUESTION OF FACT.

The existence of gross negligence or willful, wanton misconduct may be decided as a matter of law where the evidence unquestionably shows, or fails to show, their existence; however in an action for injury or death, where there is evidence tending to show negligence or willful and wanton misconduct, a determination on the evidence becomes a question of fact for the jury.

3. NEGLIGENCE—GROSS NEGLIGENCE—EVIDENCE—SUFFICIENCY.

Evidence that defendant loaned his truck to decedent, after being asked not to by decedent's parents, when he knew that decedent was illiterate and did not have a driver's license, was sufficient, if believed, to sustain a jury determination that defendant was guilty of either ordinary or gross negligence in the entrustment.

4. NEGLIGENCE—STANDARD OF CARE—QUESTION OF FACT.

Whether a defendant has exercised due care, i.e., whether a reasonably prudent man, acting under the same or similar circumstances, would have acted the same way, is a question for the jury in cases where honest minds of average intelligence could differ on whether or not the standard had been met.

REFERENCES FOR POINTS IN HEADNOTES
[1, 3] 8 Am Jur 2d, Automobiles and Highway Traffic §§ 573, 595.
[2, 4] 8 Am Jur 2d, Automobiles and Highway Traffic § 1013.

Appeal from Newaygo, Harold Van Domelen, J. Submitted Division 3 November 1, 1969, at Grand Rapids. (Docket No. 6,494.) Decided December 4, 1969.

Complaint by Russell L. Shepherd, administrator of the estate of Johnny Joe Sanchez, deceased, against Lloyd H. Barber, for wrongful death. Verdict and judgment for plaintiff. Defendant appeals. Affirmed.

*Marcus, McCroskey, Libner, Reamon, Williams & Dilley (Vernon D. Kortering, of counsel), for plaintiff.*

*Varnum, Riddering, Wierengo & Christenson (Jon F. De Witt, of counsel), for defendant.*

Before: FITZGERALD, P. J., and R. B. BURNS and BRONSON, JJ.

BRONSON, J. Plaintiff-administrator filed this wrongful death action to recover damages resulting from the death of Johnny Joe Sanchez, age 19. Defendant loaned Sanchez his truck. Sanchez drove the truck at a high speed, lost control, left the road and crashed to his death. At trial, evidence disclosed that defendant knew Sanchez had no driver's license and could not read or write. There was a clear dispute as to whether Sanchez was competent to operate defendant's truck, although he had driven it alone a few times and had had some driver training by defendant and Sanchez' mother. There was also evidence which, if believed, would establish that defendant had been told by the parents not to let their son drive the truck. Defendant filed a motion during trial for summary judgment, contending that

only ordinary negligence, if any, was involved and, therefore, that no jury question concerning gross negligence or wilful misconduct was presented. The motion was denied and the case was submitted to the jury. From a verdict for plaintiff, defendant appeals.

The common-law remedy against an owner for negligent entrustment stands unimpaired by Michigan's 55-year-old owner liability statute.* See *Chapman* v. *Buder* (1968), 14 Mich App 13.

The existence or absence of gross negligence or of wilful and wanton misconduct on the part of the defendant may be decided as a matter of law if the evidence unquestionably shows, or fails to show, their existence. However, in an action for injury or death, where evidence has been introduced which tends to show negligence or misconduct on the part of the defendant, then a determination on such evidence remains a question of fact to be decided by the jury.

Evidence was produced at the trial which, if believed, could sustain a jury determination that defendant was in fact guilty of wilful misconduct according to the above rules. Defendant admittedly knew that Sanchez did not have a driver's license, was unable to read and write, that the driving instructions by defendant and the boy's mother left much to be desired, and that there was evidence that he had been told by the boy's parents not to loan Sanchez the truck. Under these circumstances, did defendant exercise ordinary care and diligence to avoid injury by loaning the truck? The standard now employed by the law is whether a reasonably prudent man acting under the same or similar circumstances would do the same. Whether or not the standard has been attained is, normally, a jury

---

* MCLA § 257.401 (Stat Ann 1968 Rev § 9.2101).

question.  If honest differences of opinion between
men of average intelligence might exist, the issue
should not be resolved by the court alone.  *McKin-
ney* v. *Yelavich* (1958), 352 Mich 687.  Defendant
had the ability to avoid the resulting harm by refus-
ing to let Sanchez drive the truck.  Under the
circumstances outlined above, it could be obvious
to an ordinary mind or a reasonably prudent person
that such entrustment could lead to trouble, injury
and even death.

" 'Whether the given motion for instructed verdict
tests the sufficiency of evidence as proving ordinary
negligence (or disproving contributory negligence)
on the one hand, or as proving wilful and wanton
misconduct under the statute on the other, the doubt-
ful case in each instance calls for jury instruction
and jury verdict rather than a verdict by order of
the court.'  *Tien* v. *Barkel* (1958), 351 Mich 276,
283.".  *Coon* v. *Williams* (1966), 4 Mich App 325, 333.

Considering the totality of circumstances, we con-
clude that reasonable minds could differ on the
classification of such tortious conduct as being either
ordinary negligence or wilful misconduct but under
the controlling decision of *Chapman* v. *Buder, supra,*
the point is mooted.  We are persuaded the trial
court properly submitted the question of liability
to the jury.
    Affirmed.
    All concurred.