TOOMER v STEINER

1. AUTOMOBILES—GUEST PASSENGER—CONTRIBUTORY NEGLIGENCE—IN-
STRUCTIONS TO JURY.

   A plaintiff guest passenger who has been guilty of conduct of the
   same nature and quality as that of the defendant, in an
   automobile negligence action, may be barred from recovery
   where the plaintiff's conduct was a proximate cause of the
   injury; thus an instruction to the jury on contributory negli-
   gence was proper where the plaintiff could have been found
   reckless in riding with a defendant driver who was too drunk
   to drive from her testimony that she was fearful that the
   defendant would be reckless or wanton but that at the time she
   didn't care about her life.

2. AUTOMOBILES—GUEST PASSENGER—GROSS NEGLIGENCE—CONTRIBU-
TORY NEGLIGENCE.

   The terms "wilful" and "wanton" are used in the standard jury
   instructions describing the standard of care a driver has toward
   a guest passenger, and the same terms should be used to
   describe the guest passenger's standard of care for his own
   safety, i.e., conduct of the guest which will defeat his recovery
   may be called "contributory recklessness" or "contributory
   willfulness or wantonness".

Appeal from Wayne, Charles Kaufman, J. Sub-
mitted Division 1 May 11, 1972, at Detroit. (Docket
No. 11795.) Decided September 26, 1972.

Complaint by Shelva Toomer against Mary
Steiner, Olive Klupacs, and Douglas Damron for
negligence in the operation of an automobile.
Judgment for defendants. Plaintiff appeals. Af-
firmed.

REFERENCES FOR POINTS IN HEADNOTES
[1] 8 Am Jur 2d, Automobiles and Highway Traffic § 668 *et seq.*
[2] 8 Am Jur 2d, Automobiles and Highway Traffic § 1023.

*Hurwitz & Karp,* for plaintiff.

*Sanford N. Lakin, P. C.,* for defendant Steiner.

*Rouse, Selby, Dickinson, Shaw & Pike* (by *Richard Haskins),* for defendant Klupacs.

Before: DANHOF, P. J., and LEVIN and BORRADAILE,* JJ.

DANHOF, P. J. This is a guest-passenger case. MCLA 257.401; MSA 9.2101. The plaintiff appeals from a jury verdict of no cause for action as to all three defendants. We affirm.

The plaintiff was a guest passenger in an automobile which was owned by defendants Damron and Steiner and which was being driven by defendant Klupacs. The accident, out of which the injuries arose, occurred during a bar-hopping tour of Detroit and the surrounding area. The issue on appeal involves the propriety of the trial court's instructing the jury on the doctrine of contributory negligence.

The plaintiff contends that this case falls within the now rejected doctrine of assumption of risk and that it is improper to instruct a jury on contributory negligence in a guest passenger case.

The term "assumption of risk" has fallen into disfavor in this state. *Felgner v Anderson,* 375 Mich 23 (1965). However, *Felgner* worked no change in the law of contributory negligence. To argue, as does the plaintiff, that this case could be analyzed in terms of "assumption of risk" establishes nothing. The defendants framed their theory in terms of contributory negligence and the jury was instructed in those terms. The issue before us

---

* Probate judge, sitting on the Court of Appeals by assignment.

is whether the law of contributory negligence bars recovery.

We hold that it was proper to instruct the jury on contributory negligence. Ordinarily contributory negligence will not prevent recovery when the conduct of the defendant has exceeded the bounds of ordinary negligence. However, when the plaintiff has been guilty of conduct of the same nature and quality as that of the defendant recovery may be barred if the plaintiff's conduct was a proximate cause of the injury.[1] The Restatement of Torts, 2d, § 503(3), pp 592–593, states the rule as follows:

> "A plaintiff whose conduct is in reckless disregard of his own safety is barred from recovery against a defendant whose reckless disregard of the plaintiff's safety is a legal cause of the plaintiff's harm."

For purposes of clarity we have made use of the term contributory negligence in this opinion. However, we frown upon its use in this type of case. What we are dealing with is contributory recklessness, or in the words of the statute "contributory willfulness or wantonness". The terms willful and wanton are used in the standard jury instruction on the defendant's standard of care[2] and the same terms should be used to describe the plaintiff's standard of care.

In this case the plaintiff's witnesses clearly established the state of the defendant driver prior to the accident. The testimony of the plaintiff's sister indicated that the defendant was so drunk that she was to the point of staggering and that she had been driving in an erratic and reckless manner weaving in and out of traffic and speeding as

[1] 2 Harper & James, Law of Torts, § 22.6, p 1214.
[2] SJI 14.03.

she drove from place to place. This witness went so far as to say she rode in another car because she was concerned about the fact that the defendant driver was too drunk to drive. The witness further indicated that she suggested to her sister that she not ride with the defendant driver. Perhaps the most interesting testimony is the following excerpt from the plaintiff's testimony:

"*Q.* And you were not fearful that Mrs. Klupacs was under any type of influence of a alcohol that would cause her to be reckless or wanton or completely disregarding your safety as a passenger, were you?
"*A.* Yes I was.
"*Q.* Then why did you get in the car, ma'am?
"*A.* Because at that time I didn't care.
"*Q.* What do you mean you didn't care?
"*A.* About my life."

The wording of the trial court's instruction is not perfect, but the plaintiff did not object to the wording of the instruction. We believe that the instruction can be fairly read as informing the jury that the plaintiff could not recover if her conduct was of the same nature as the defendant's and that this conduct was a proximate cause of the injury.

Affirmed, costs to the defendants.
All concurred.