MILLER v HALL

1. AUTOMOBILES—NEGLIGENCE—CONTRIBUTORY NEGLIGENCE—LACK OF OBSERVATION.

A ruling by the trial court that plaintiff's decedent driver in an automobile-injury suit was contributorily negligent because of his lack of observation was clearly erroneous where lack of observation was not pleaded affirmatively as a contributory negligence defense and where such a finding cannot be gleaned from the record and was based on the surmise that since it was a clear evening the decedent driver could and should have seen the defendant driver.

2. AUTOMOBILES—NEGLIGENCE—CONTRIBUTORY NEGLIGENCE—PRESUMPTIONS—DUE CARE.

A finding by the trial court that plaintiff's decedent driver in an automobile-injury suit was contributorily negligent because of his excessive speed was clearly erroneous where the conclusion is not justified by the testimony of the only witness as to the speed and there was no other circumstantial evidence or eyewitness testimony indicating the speed; further, in a death case a presumption of due care exists and may be rebutted by circumstantial evidence only when it is of such a nature as to lead to the inevitable conclusion by all reasonable minds that the decedent was contributorily negligent.

Appeal from Wayne, Nathan J. Kaufman, J. Submitted Division 1 December 5, 1972, at Detroit. (Docket No. 12622.) Decided February 21, 1973.

Complaint by Lenore M. Miller, for herself and as administratrix of the estate of Robert C. Miller, Jr., against Thomas D. Hall and Maryland Hall for damages resulting from an automobile accident. Judgment for plaintiff on her own claim, but for

REFERENCE FOR POINTS IN HEADNOTES

[1, 2] 7 Am Jur 2d, Automobiles and Highway Traffic §§ 361, 362.

defendant on the claim of the estate. Plaintiff appeals the judgment against the estate. Reversed and remanded for entry of judgment for the estate and a determination of damages.

*Leven & Logan, P. C.,* for plaintiff.

Before: LESINSKI, C. J., and J. H. GILLIS and PETERSON,* JJ.

PETERSON, J. Plaintiff sues individually and as administratrix of the estate of her deceased husband, Robert C. Miller, Jr. She was a passenger in the family automobile driven by her husband when it was involved in a collision with an automobile operated by defendant, Thomas Dale Hall.

The Millers were westbound on Van Born Road, five lanes in width, when Hall pulled out of a service station on the northwest corner of Van Born and Clipper Street, headed south across Van Born to the curbline, and turned east. He then suddenly swung north, fishtailing and out of control. The maneuver ended as he struck the driver's side of the Miller car, injuring Mrs. Miller and killing her husband.

To the Miller claims, defendant responded by denying negligence, affirmatively pleading contributory negligence of decedent, and counterclaiming against Miller's estate upon the theory, among others, that Miller was driving too fast.

The trial judge denied the counterclaim, found in favor of the passenger-wife, but held against the husband's estate, holding that Miller was guilty of contributory negligence by lack of observation and excessive speed.

The question first presented by plaintiff is

---

* Circuit judge, sitting on the Court of Appeals by assignment.

whether the trial judge properly barred the claim of the estate because of contributory negligence of the decedent, ordinary contributory negligence not being a bar to recovery for injuries caused by willful and wanton misconduct. *LaCroix v Grand Trunk Western R Co,* 379 Mich 417 (1967); *Toomer v Steiner,* 43 Mich App 12 (1972).

The difficulty lies in interpreting the finding of the trial judge, who first found Hall negligent, then described his conduct without categorizing it as willful and wanton, but later restated it and categorized it as willful and wanton. When plaintiff's counsel then noted that contributory negligence would not bar recovery in the face of such finding, the trial judge said:

"I didn't enter it in my judgment, and I deliberately didn't enter it, because nobody asked for it. And I will not enter it now, because I don't think that is what happened.

"I don't think you sustained the burden of proof necessary to establish that burden of proof, although I think it was willful and wanton. So we will enter a regular judgment."

GCR 1963, 517.1 requires the trial judge, hearing matters without a jury, to make findings of fact which must disclose the basis for each ultimate fact necessary to sustain the court's conclusions of law.[1] Such findings under the rule are not to be overturned unless clearly erroneous. For the lack of such finding, or where the same is incomplete or cannot be ascertained, we would ordinarily remand the matter for further finding.

Thus, were there evidence here to support the trial judge's finding of contributory negligence, it

---

[1] *Dauer v Zabel,* 9 Mich App 176 (1967); *Nicpon v Nicpon,* 9 Mich App 373 (1968); *Thayer v Barber's Flying Service, Inc,* 40 Mich App 326 (1972).

would be necessary to remand to determine what he did hold as to willful and wanton misconduct on the part of the defendant. We do not remand, however, since it appears that the finding of the trial judge as to such contributory negligence is clearly erroneous.

Lack of observation on the part of decedent was not pleaded affirmatively as a contributory negligence defense. No findings were made by the trial judge, nor can any be gleaned from the record, to indicate a lack of observation on the part of decedent driver which would constitute negligence or which would be a proximate cause of the collision, other than the surmise that since it was a clear evening he could, and should, have seen Hall.[2]

The finding of excessive speed was based on the testimony of the sole disinterested witness who testified that decedent passed him 200 to 300 yards east of the Clippert intersection and that he (the witness) was 200 to 300 yards east of the intersection when the collision occurred. Taking the latter as meaning 200 yards, and assuming both statements by the witness to be true, the trial court concluded that decedent had gone 300 yards while the witness had gone 100 yards; *ergo,* decedent had been traveling at a high rate of speed. The conclusion does injustice to the testimony of that witness, who was never asked to put these two distance estimates in juxtaposition, nor queried about the same in terms of comparative speeds. That witness, in fact, testified that decedent was traveling about 40 miles per hour, the applicable posted limit. There is no other circumstantial evidence nor eyewitness testimony indicating a greater speed on the part of decedent.

Were there any doubt that defendant failed to

---

[2] *Cf. Erdei v Beverage Distribution Co,* 42 Mich App 377 (1972).

sustain the burden of proving contributory negligence on the part of the decedent, it would be dispelled by noting that plaintiff's case is buttressed by the presumption of due care existing in death cases. *Kratochvil v Grayling*, 367 Mich 682 (1962). That presumption may be rebutted by circumstantial evidence only when it is of such a nature as "to lead to inevitable conclusion by all reasonable minds that the decedent was contributorily negligent". *Hett v Duffy*, 346 Mich 456, 463 (1956) (concurring opinion of BLACK, J.). We find nothing of that persuasive nature in this record. See *Weller v Mancha*, 351 Mich 50, 67 (1957) (dissenting opinion of BLACK, J.).[3]

Our review of the evidence leaves us "with the definite and firm conviction that a mistake has been committed". *Hughson v O'Reilly*, 7 Mich App 324, 326 (1967). The finding of contributory negligence was "clearly erroneous". GCR 1963, 517.1.

The trial court's judgment as to the estate is accordingly reversed. The matter is remanded for entry of judgment in favor of the estate for damages to be determined by the trial court.

All concurred.

---

[3] Reversed on rehearing, 353 Mich 189 (1958).