YORK v JAMES

1. TRIAL — CROSS-EXAMINATION — DEPOSITIONS — PRIOR INCONSIST-
   ENT STATEMENTS — DISCRETION.

   A trial court has discretion as to limiting questions on cross-
   examination, and it was not an abuse of discretion for the trial
   court to deny a plaintiff's cross-examination of a defendant
   concerning inconsistent statements made in a deposition which
   had been read into the record where the deposition had already
   established that defendant had made inconsistent statements
   and any further cross-examination would belabor the point and
   be cumulative.

2. NEGLIGENCE—GROSS NEGLIGENCE—INSTRUCTIONS TO JURY.

   It was reversible error to deny a requested instruction to the jury
   regarding gross negligence where there was evidence clearly
   raising a question of fact as to whether the defendant struck
   the plaintiff after he was aware that the plaintiff was in a
   position of danger but nevertheless drove his car with reckless
   disregard of the consequences of his act, because it can not be
   determined from a jury verdict of no cause of action whether
   they found defendant free from negligence or that plaintiff was
   barred from recovery because of his contributory negligence in
   the absence of such an instruction and the question of gross
   negligence could change the verdict.

Appeal from Ingham, Ray C. Hotchkiss, J. Sub-
mitted Division 2 January 10, 1973, at Lansing.
(Docket No. 13486.) Decided April 24, 1973. Leave
to appeal denied, 390 Mich 783.

Complaint by Betty York against Robert James
and International Business Machines for damages
for personal injuries sustained in an automobile

REFERENCES FOR POINTS IN HEADNOTES
[1] 58 Am Jur, Witnesses § 621.
[2] 58 Am Jur 2d, Negligence §§ 307, 314.

accident. Verdict and judgment for defendants. Plaintiff appeals. Reversed and remanded.

*Church, Wyble, Kritselis & Van Duzer* (by *J. Richard Robinson),* for the plaintiff.

*Fraser, Trebilcock, Davis & Foster* (by *Robert W. Townsend* and *Peter L. Dunlap),* for the defendants.

Before: BRONSON, P. J., and McGREGOR and DANHOF, JJ.

McGREGOR, J. This is an automobile-pedestrian accident case.

The facts clearly establish that the defendant Robert James, the driver of a motor vehicle, while emerging from a driveway, struck the plaintiff, a pedestrian on the sidewalk. Defendant International Business Machines was made a party defendant to plaintiff's claim that in operating the motor vehicle, defendant James was acting within the scope of his employment with said corporation.

During the course of the trial, plaintiff called upon a deposition of the defendant for purposes of cross-examination pursuant to GCR 1963, 302.4(2). The deposition was read in its entirety to the jury. Certain inconsistencies were contained in this deposition: at one point, defendant claimed that his car was stopped when he first observed plaintiff; then, a few lines later, defendant claimed that the car was moving when he first saw the plaintiff. The trial court, after the deposition was read into the record, refused to allow plaintiff's attorney to question the defendant, whom he had called in person for purposes of cross-examination concerning this inconsistency or any other matter contained in the deposition. Subsequently, under ex-

amination by his own attorney, defendant James claimed that he had just started moving when he observed the plaintiff running across his path, but could not stop in time to avoid hitting her.

The trial court refused to instruct the jury with respect to gross negligence.

The jury returned a verdict of no cause of action in favor of the defendants.

The first issue on appeal is whether the trial court erred in refusing to permit plaintiff to cross-examine defendant as to statements contained in the deposition.

In *Ruhala v Roby,* 379 Mich 102, 116–117 (1967), the Court held that:

"[T]he [trial] court was in error in ruling that the plaintiff was precluded from cross-examining Burditt under the statute. Even the existence of this second error, however, does not require reversal. It must again be determined whether the error was reversibly prejudicial. A separate record, not in the presence of the jury, was made, in which the plaintiff was permitted to pursue the cross-examination of Burditt as fully as he wished."

In the instant case, the trial court's ruling did not preclude plaintiff from cross-examining defendant, it merely limited that cross-examination to matters which had not been covered in the deposition. It is well established that a trial court has discretion as to limiting questions on cross-examination. See *In re Sparks' Estate,* 198 Mich 421 (1917). Since the deposition had already established that defendant had made inconsistent statements as to whether he was stopped or moving when he first saw plaintiff, any further cross-examination would indeed belabor the point and be cumulative. As such, there was no abuse of discre-

tion on the part of the trial court. The trial court's ruling does not constitute reversible error.

The second question on appeal is whether the trial court erred in refusing to instruct the jury as to gross negligence.

Plaintiff requested the following instruction:

"Plaintiff charges the defendant with willful and wanton misconduct.

"The term 'willful and wanton misconduct' means more than the failure to use ordinary care. It means conduct which shows actual or deliberate intention to harm or a reckless disregard for the safety of others in the face of circumstances involving a high degree of danger.

"Even if you decide plaintiff was contributorily negligent, that will not defeat plaintiff's claim for damages, if you also decide the defendant's conduct was willful and wanton, because contributory negligence is no defense where there is willful and wanton misconduct by the defendant." Michigan Standard Civil Jury Instructions § 14.02.

Gross negligence has been defined as follows:

"Gross negligence, such as authorizes a recovery for a negligent injury notwithstanding plaintiff's contributory negligence, is an intentional failure to perform a manifest duty in reckless disregard of the consequences as affecting the life or property of another and also implies a thoughtless disregard of the consequences without the exertion of any effort to avoid them. The theory of gross negligence is that the antecedent negligence of plaintiff only put him in a position of danger and therefore was only the remote cause of the injury, while the subsequent supervening negligence of the defendant was the proximate cause." 18 Callaghan's Michigan Civil Jurisprudence, Negligence, § 17, p 232; See also *Gibbard v Cursan,* 225 Mich 311 (1923); *LaCroix v Grand Trunk Western R Co,* 379 Mich 417 (1967).

In defendant's deposition which was read into

evidence, defendant stated at one point that when he first saw the plaintiff he stopped his car and that plaintiff was in front of his car; he claimed later that his car was moving when he first observed the plaintiff. Nevertheless, defendant's statement that he was stopped when he first observed plaintiff and that she was then in front of his car, was evidence in the case.

The evidence clearly raises a question of fact as to whether the defendant struck plaintiff after he was aware that plaintiff was in a position of danger but nevertheless drove his car with reckless disregard of the consequences of his act.

From the jury's verdict of no cause of action, we cannot determine whether they found that defendant was free from negligence, or that plaintiff was barred from recovery because of contributory negligence. If the jury's verdict was based on a finding that plaintiff was contributorily negligent, the question of gross negligence on defendant's part could change this verdict.

As there was a question of fact, the trial court should have given the requested instruction, so as to allow the jury properly to resolve that question. See *Tien v Barkel,* 351 Mich 276, 283 (1958); *Washington v Jones,* 386 Mich 466, 471 (1971).

Reversed and remanded.

All concurred.