HOAG v PAUL C. CHAPMAN & SONS, INC.

1. Judgment—Summary Judgment—Motions—Appeal and Error —Court Rules.

A motion for summary judgment tests only the legal, not factual, sufficiency of the pleadings; an appellate review of a grant or denial of a summary judgment accepts as true all of the nonmoving party's factual allegations as well as any reasonable inferences which may be drawn from the allegations (GCR 1963, 117.2[1]):

2. Negligence—Wrongful Death—Maintenance of Action— Statutes.

A decedent's personal representatives may maintain an action under the wrongful death act only if the decedent could have recovered in his own name had he not died (MCLA 600.2922).

3. Automobiles—Negligence—Gross Negligence—Willful and Wanton Misconduct—Statutes.

The terms "gross negligence" and "willful and wanton miscon-

---

References for Points in Headnotes

[1] 4 Am Jur 2d, Appeal and Error § 104.

5 Am Jur 2d, Appeal and Error §§ 617, 727, 853.

73 Am Jur 2d, Summary Judgment § 1.

Right to appellate review of decision refusing motion for summary judgment. 103 ALR 1104.

[2] 22 Am Jur 2d, Death §§ 90 et seq., 194 et seq.

Measure of damages for death in action for benefit of decedent's estate. 163 ALR 253.

[3–12] 57 Am Jur 2d, Negligence §§ 99–106, 438.

[4, 9] 7 Am Jur 2d, Automobiles and Highway Traffic § 571 et seq.

Liability of owner for negligence of one to whom car is loaned or hired. 36 ALR 1138 s. 68 ALR 1009, 100 ALR 920.

[6, 11, 12] 57 Am Jur 2d, Negligence § 382.

[7] 57 Am Jur 2d, Negligence § 386 et seq.

Doctrine of last clear chance. 92 ALR 47 s. 119 ALR 1041, 171 ALR 365.

[8] 8 Am Jur 2d, Automobiles and Highway Traffic §§ 488, 489.

[10–12] 8 Am Jur 2d, Automobiles and Highway Traffic § 573.

Common-law liability based on entrusting automobile to incompetent, reckless, or unlicensed driver. 36 ALR 1148 s. 68 ALR 1013, 100 ALR 923, 168 ALR 1364.

duct" as used in the motor vehicle civil liability act are synonymous (MCLA 257.401).

4. AUTOMOBILES—NEGLIGENCE—OWNERS' LIABILITY—DRIVERS' CONDUCT—STATUTES.

Liability under the motor vehicle civil liability act is imposed against an owner of a vehicle when the driver's conduct manifests a high degree of danger, a manifest probability that harm will result therefrom, and an utter disregard of the probable consequences, and it is shown that the driver exhibited, by his conduct, an affirmatively reckless state of mind with intent to depart from careful driving (MCLA 257.401).

5. NEGLIGENCE—GROSS NEGLIGENCE—WILLFUL AND WANTON MISCONDUCT—COMMON-LAW MEANINGS.

At common law, "gross negligence" and "willful and wanton misconduct" are different concepts with different bases and different legal effects.

6. NEGLIGENCE—GROSS NEGLIGENCE—SUBSEQUENT NEGLIGENCE—CONTRIBUTORY NEGLIGENCE—PROXIMATE CAUSE.

Gross negligence and subsequent negligence are identical concepts; for a contributorily negligent plaintiff to recover for injury, his negligence must have ceased to exist as the proximate cause and the defendant's negligence must have continued and have been the proximate cause of the plaintiff's injuries.

7. NEGLIGENCE—WILLFUL AND WANTON MISCONDUCT—GROSS NEGLIGENCE—RECKLESSNESS.

The common law definition of willful and wanton misconduct essentially represents the concept of last clear chance embodied in gross negligence plus an element of recklessness.

8. AUTOMOBILES—NEGLIGENCE—GUEST PASSENGERS—WILLFUL AND WANTON MISCONDUCT—STATUTES.

The elements of willful and wanton misconduct under the guest passenger provision of the motor vehicle civil liability act are: (1) knowledge of a situation requiring the exercise of ordinary care and diligence to avert injury to another; (2) ability to avoid the resulting harm by ordinary care and diligence in the use of the means at hand; (3) the omission to use such care and diligence to avert the threatened danger, when to the ordinary mind it must be apparent that the result is likely to prove disastrous to another (MCLA 257.401).

9. Automobiles—Negligence—Statutes—Owners' Liability—
Claim by Driver.

The statute which provides that "the owner of a motor vehicle
shall be liable for any injury occasioned by the negligent
operation of such motor vehicle" was intended to permit recov-
ery by injured third parties, not by the driver; therefore,
summary judgment for a defendant owner should be granted on
a claim under the statute by a deceased driver's representative
against the owner of the automobile which the deceased was
driving when involved in a fatal accident (MCLA 257.401).

10. Automobiles—Negligence—Negligent Entrustment—Gross
Negligence—Willful and Wanton Misconduct.

A decedent's representative's claim of negligent entrustment
against decedent's employer, who gave decedent the use of a
company automobile, depends upon a finding of gross negli-
gence or willful and wanton misconduct where the decedent
was negligent in that he consumed large amounts of alcohol
and still drove the car, which resulted in a fatal accident.

11. Automobiles—Negligence—Gross Negligence—Proximate
Cause.

An employer-owner who allowed an employee the continued use
of a company automobile with the knowledge that the em-
ployee had a history of consuming large amounts of alcohol and
still driving the automobile cannot be held liable for gross
negligence where the decedent's contributory negligence contin-
ued to the time of his death and there was no point at which it
could be said that the decedent's negligence ceased to be a
proximate cause of his death while the owner's negligence
continued as a proximate cause.

12. Negligence—Automobiles—Negligent Entrustment—Willful
and Wanton Misconduct.

A negligent plaintiff who has been guilty of conduct of the same
nature and quality as that of the negligent defendant may be
barred from recovery if the plaintiff's conduct was the proxi-
mate cause of his injury; therefore, a complaint by a decedent's
representative alleging negligent entrustment of an automobile
to the decedent failed to state a cause of action under a theory
of willful and wanton misconduct where the plaintiff's com-
plaint admitted that decedent had consumed a large amount of
alcohol, had adjusted the auto's engine for greater speed, and
had driven at a high rate of speed while intoxicated, thus as a
matter of law making out a case of willful and wanton miscon-
duct on the part of the decedent.

Appeal from Washtenaw, Ross W. Campbell, J. Submitted Division 1 April 15, 1975, at Detroit. (Docket No. 20209.) Decided June 24, 1975.

Complaint by LuRetha Hoag, individually, as next friend of her minor children, and as special administratrix of the estate of Melbourne J. Hoag, deceased, against Paul C. Chapman & Sons, Inc., and Paul C. Chapman Leasing Co., Inc., for damages for wrongful death. From denial of a motion for summary judgment, defendants appeal by leave granted. Reversed.

*Jaffe, Snider, Raitt, Garratt and Heuer, P. C.* (By *Richard F. Roth),* for plaintiffs.

*Sommors, Schwartz, Silver, Schwartz, Tyler & Gordon, P. C.,* for defendants.

Before: ALLEN, P. J., and BRONSON and N. J. KAUFMAN, JJ.

N. J. KAUFMAN, J. Defendant appeals from a January 23, 1974 interlocutory order by the Washtenaw County Circuit Court which denied its motion for summary judgment.

This is a wrongful death action, pursuant to MCLA 600.2922; MSA 27A.2922. Plaintiffs' decedent, Melbourne J. Hoag, was employed as a salesman by defendant, which operates an automobile sales and leasing company.[1] As part of his compensation, decedent was given the use of a company automobile. According to plaintiffs' complaint, decedent was killed in an auto accident when, after having consumed a large amount of alcohol, and while driving at a high rate of speed, he failed to

---

[1] There are two corporate defendants here but, because they are parent and subsidiary, we refer to them in the singular.

negotiate a turn and his auto careened off the road.[2] Plaintiffs admitted decedent's negligence, but claimed that defendant was liable for his death because it had been negligent in entrusting a company car to him. In their complaint, plaintiffs alleged several grounds in support of their negligent entrustment claim:

"(a) Defendants Chapman knew or had reason to know that Melbourne J. Hoag was engaged in the regular consumption of alcohol that would or might render his operation of said vehicle dangerous to himself and others.

"(b) Defendants Chapman knew or had reason to know that Melbourne J. Hoag regularly operated the said motor vehicle at unlawful high speeds.

"(c) Defendants Chapman knew or had reason to know that Melbourne J. Hoag turned the air filter inside the car engine upside down to increase the maximum speed the car could attain.

"(d) Defendants Chapman knew or had reason to know that Melbourne J. Hoag did not have a valid Michigan Operator's License.

"(e) Defendants Chapman were told on numerous occasions that as a result of Melbourne J. Hoag's high speed driving and drinking, his driving had become extremely reckless and that the said motor vehicle should be taken from him."

Plaintiffs contended that these claims alternatively constituted "gross negligence" or negligent entrustment on the part of defendant. Plaintiffs also alleged that defendant was "strictly liable" for decedent's death under the motor vehicle civil liability act, MCLA 257.401; MSA 9.2101.

Defendant moved for a summary judgment arguing that, under GCR 1963, 117.2(1), plaintiffs had

---

[2] Plaintiffs also filed an amended complaint. For reasons of clarity we treat both complaints as one.

failed to state a cause of action upon which relief could be granted. In support of its motion, defendant contended that since plaintiffs' complaint had admitted decedent's negligence, decedent's contributory negligence barred plaintiffs' suit. The court, in denying defendant's motion, stated:

"The general rule is that contributory negligence will not bar recovery if defendant is grossly negligent. However, when the plaintiff has been guilty of conduct of the same nature and quality as that of the defendant, recovery may be barred if plaintiff's conduct was a proximate cause of the injury. *Toomer v Steiner* 43 Mich App 12, 14 [202 NW2d 808] (1972).

"The existence or absence of gross negligence or of willful and wanton misconduct of *[sic]* the part of the defendant may be decided as a matter of law if the evidence unquestionably shows, or fails to show, their existence. However, in an action for injury or death, where evidence has been introduced which tends to show negligence or misconduct on the part of the defendant, a determination on such evidence remains a question of fact to be decided by the jury. *Shepherd v Barber,* 20 Mich App 464, 466 [174 NW2d 163] (1969).

On appeal, defendant contends that the trial court erred by failing to grant summary judgment as to (1) plaintiffs' statutory claim under the automobile civil liability act, *supra,* and (2) plaintiffs' common law claim under the negligent entrustment theory. A motion for summary judgment under GCR 1963, 117.2(1) tests only the legal, not factual, sufficiency of the pleadings. *Crowther v Ross Chemical and Manufacturing Co,* 42 Mich App 426; 202 NW2d 577 (1972). An appellate review accepts as true all of plaintiffs' factual allegations as well as any reasonable inferences which may be drawn from the allegations. *Martin v Fowler,* 36 Mich App 725; 194 NW2d 524 (1971).

Under the wrongful death act, MCLA 600.2922; MSA 27A.2922, an action may be maintained by the decedent's personal representatives only if the decedent could have recovered in his own name had he not died.

I

Before discussing plaintiffs' common law and statutory claims, we feel compelled to examine and define the common law and statutory concepts of "gross negligence" and "wilful and wanton misconduct". These concepts involve a different meaning under the guest passenger portion of the civil liability act than they do at common law. As the Supreme Court stated in *LaCroix v Grand Trunk Western R Co,* 379 Mich 417, 426; 152 NW2d 656, 660 (1967), "[w]hile the guest passenger cases may be helpful * * * , we do not regard them as controlling in determining the correct concepts of gross negligence and wilful and wanton misconduct at common law".

Under the first portion of the civil liability act, MCLA 257.401; MSA 9.2101, an injured party may recover from the owner of a motor vehicle for injuries caused by the negligent operation of that vehicle. Under the proviso in the last sentence of the act, an injured guest passenger may recover from the operator of the vehicle only if the injuries have resulted from the "gross negligence or wilful and wanton misconduct" of the operator. Although the statute posits these terms in the disjunctive, the Supreme Court has held them to be synonymous. *Thayer v Thayer,* 286 Mich 273; 282 NW 145 (1938), *Pawlicki v Faulkerson,* 285 Mich 141; 280 NW 141 (1938). Liability is imposed when the driver's conduct "manifests a high degree of danger, a manifest probability that harm

will result therefrom, and an utter disregard of the probable consequences". *Stevens v Stevens,* 355 Mich 363, 371; 94 NW2d 858, 863 (1959). A plaintiff must additionally show that the driver, through his conduct, exhibited "an affirmatively reckless state of mind with intent to depart from careful driving". *Brooks v Haack,* 374 Mich 261, 265; 132 NW2d 13, 15 (1965), *Hendershott v Rhein,* 61 Mich App 83; 232 NW2d 312 (1975).

At common law, however, gross negligence and wilful and wanton misconduct are different concepts with different bases and different legal effects. The Supreme Court in *LaCroix v Grand Trunk Western R Co, supra,* pp 432–424, quoting from *Gibbard v Cursan,* 225 Mich 311; 196 NW 398 (1923), defined gross negligence:

" 'When will gross negligence of a defendant excuse contributory negligence of a plaintiff? *In a case where the defendant, who knows, or ought, by the exercise of ordinary care, to know, of the precedent negligence of the plaintiff, by his subsequent negligence does plaintiff an injury. Strictly, this is the basis of recovery in all cases of gross negligence.* 20 RCL p 145. Such gross negligence is also sometimes called discovered negligence, subsequent negligence, wanton or wilful or reckless negligence, discovered peril, last clear chance doctrine, and the humanitarian rule.

\* \* \*

" 'The theory of gross negligence is that the antecedent negligence of plaintiff only put him in a position of danger and was therefore only the remote cause of the injury, while the subsequently intervening negligence of the defendant was the proximate cause. Cooley on Torts (2d ed), p 674; *Labarge v Railroad Co,* 134 Mich 139 (14 Am Neg Rep 575) [95 NW 1073 (1903)].

\* \* \*

" 'If the negligence of a plaintiff is concurrent with the negligence of a defendant, the rule as to antecedent

negligence of plaintiff and subsequent negligence of defendant does not apply. The doctrine of gross, subsequent or discovered negligence may not be invoked to excuse concurrent negligence of a plaintiff.' " (Citations omitted.) (Emphasis in original.)

Thus, for a contributorily negligent plaintiff to recover, his negligence must have ceased to exist as the proximate cause and defendant's negligence must have continued and have been the proximate cause of plaintiff's injuries. *Routt v Berridge*, 294 Mich 666; 293 NW 900 (1940). Gross negligence and subsequent negligence are identical concepts.

We are not unmindful of the cases which have held that gross negligence is not limited to "subsequent negligence" but also includes "reckless disregard" or "wilful and wanton" conduct.[3] We find, however, that they do not accurately reflect current law. First, the *LaCroix* opinion clearly stated that, "[t]he charges [for gross negligence and for wilful and wanton misconduct] are not identical", 379 Mich 417, 422; 152 NW2d 656, 657. Second, adding an element of reckless conduct to the definition of gross negligence would seriously blur the distinction between gross negligence and wilful and wanton misconduct. Adding this element would also involve the introduction of degrees of negligence between gross negligence and wilful and wanton misconduct akin to a comparative negligence theory, one not accepted in this jurisdiction. As the Supreme Court stated in *Union*

---

[3] *See Denman v Johnston,* 85 Mich 387; 48 NW 565 (1891), *Wieczorek v Merskin,* 308 Mich 145; 13 NW2d 239 (1944), *Graves v Dachille,* 328 Mich 69; 43 NW2d 64 (1950), *Nass v Mossner,* 363 Mich 128; 108 NW2d 881 (1961), *York v James,* 46 Mich App 498; 208 NW2d 185 (1973), *lv den* 390 Mich 783 (1973), *McKeever v Galesburg Speedway Inc,* 57 Mich App 59; 225 NW2d 184 (1974). *See also* Morris, *Gross Negligence in Michigan—How Gross Is It?* 16 Wayne L Rev 457 (1970); 1974 Annual Survey of Michigan Law, *Torts,* 21 Wayne L Rev 665, 682–685 (1975).

*Trust Co v Detroit, G H & M R Co,* 239 Mich 97, 100; 214 NW 166 (1927), and reiterated in *LaCroix, supra,* p 425:

" 'We do not have gross negligence in the sense of great or much negligence because that would introduce into our law the doctrine of comparative negligence which is foreign to this jurisdiction, and \* \* \* while wilful and wanton acts are frequently designated as gross negligence, such designation is a misnomer, because such wilful and wanton acts are not negligence at all.' "

Finally, as we will discuss below, it is just that element of recklessness that provides the difference between gross negligence and wilful and wanton misconduct at common law. The common law definition of wilful and wanton misconduct essentially represents the concept of last clear chance, which is embodied in gross negligence, *plus* an element of recklessness.

Wilful and wanton misconduct, at common law, is comprised of the same elements as are both gross negligence and wilful and wanton misconduct under the guest passenger proviso of the civil liability act. In addition to the standards enunciated in *Stevens v Stevens, supra,* the Supreme Court in *Kieft v Barr,* 391 Mich 77, 80; 214 NW2d 838, 839 (1974), adopted for statutory purposes the same test which *Gibbard v Cursan, supra,* p 322, established for common law purposes:

" '(1) Knowledge of a situation requiring the exercise of ordinary care and diligence to avert injury to another; (2) Ability to avoid the resulting harm by ordinary care and diligence in the use of the means at hand; (3) The omission to use such care and diligence to avert the threatened danger, when to the ordinary mind it must be apparent that the result is likely to

prove disastrous to another.' *Tien v Barkel,* [351 Mich 276; 88 NW2d 552 (1958)] 281–282."

The Court in *LaCroix, supra,* differentiated common law gross negligence from common law wilful and wanton misconduct:

" '*If one wilfully injures another, or if his conduct in doing the injury is so wanton or reckless that it amounts to the same thing, he is guilty of more than negligence. The act is characterized by wilfulness,* rather than by inadvertence, *it transcends negligence*— is different in kind. Where recovery is sought on the theory that the injury was caused by wilful, wanton or reckless misconduct of a defendant, as distinguished from negligence, there is no more reason for permitting the defense of contributory negligence than in a case of assault and battery. True, such misconduct in this State and elsewhere usually has been called negligence, the word being qualified by such adjectives as gross, wanton, reckless, or wilful, but this is incorrect and has a tendency to mislead.' " (Emphasis in original.) 379 Mich at 424; 152 NW2d at 659, quoting *Gibbard v Cursan, supra,* pp 320–321.

## II

We turn now to defendant's first appellate argument, that the trial court should have granted summary judgment on plaintiffs' claim under the automobile civil liability act. We agree. The act does not apply to plaintiffs' decedent. He could not have recovered as a guest passenger since he was not one. Nor could he have recovered under the owner's liability section. That section provides that "[t]he owner of a motor vehicle shall be liable for any injury occasioned by the negligent operation of such motor vehicle". This statute was intended to permit recovery by injured third parties against

the owner, not by the driver. The purpose of the statute is to place the risk of damage upon the person who has ultimate control of the vehicle. *Roberts v Posey,* 386 Mich 656, 662; 194 NW2d 310, 312 (1972). The owner's negligence and liability is not original but is derivative, *i.e.* the negligence of the driver is imputed to him.

## III

In examining defendant's second claim, that the trial court erred in not granting summary judgment on plaintiffs' negligent entrustment cause of action, we must determine whether, as a matter of law, defendant's conduct could be categorized as gross negligence or wilful and wanton misconduct. If defendant's conduct is neither, summary judgment should have been granted. The trial court and plaintiffs on appeal rely on the case of *Shepherd v Barber,* 20 Mich App 464; 174 NW2d 163 (1969). There, the decedent, a 19-year-old who could neither read nor write and had no driver's license, was lent a truck by defendant, his employer. Decedent was killed when he drove the truck at a high rate of speed and lost control of it. The parties disputed decedent's driving competence, and plaintiff presented evidence to show that defendant had been told by the decedent's parents not to let their son drive the truck. During trial, defendant filed a motion for summary judgment, claiming that only ordinary negligence was involved and that no jury question concerning gross negligence or wilful misconduct was presented. The trial court denied this motion and this Court affirmed the denial. The *Shepherd* opinion did not discuss the contributory negligence problem nor did it make a specific examination of gross negligence or wilful misconduct. Rather, it framed

the issue as "did defendant exercise *ordinary* care and diligence to avoid injury by loaning the truck?" (Emphasis supplied.) *id,* p 466. Thus, *Shepherd* is not especially cogent authority here.

Here, it is clear that defendant's conduct cannot be termed gross, *i.e.,* subsequent, negligence. The allegations in plaintiffs' complaint, at best, present a case of concurrent, not subsequent, negligence on defendant's part. There was no point at which we could say that decedent's negligence had ceased to be a proximate cause of his injuries while defendant's negligence continued as a proximate cause. Defendant's negligence would consist of its continuing to allow decedent to use the company car. Decedent's negligence consisted of consuming a large amount of alcohol and driving. Even assuming, *arguendo,* that defendant's negligence continued up to the time of the accident, we must conclude that decedent's negligence also continued to that time.

We also find that, as a matter of law, plaintiffs' complaint failed to state a cause of action under wilful and wanton misconduct theory. As this Court stated in *Toomer v Steiner,* 43 Mich App 12, 14; 202 NW2d 808, 809 (1972):

"Ordinarily contributory negligence will not prevent recovery when the conduct of the defendant has exceeded the bounds of ordinary negligence. However, *when the plaintiff has been guilty of conduct of the same nature and quality as that of the defendant recovery may be barred if the plaintiff's conduct was a proximate cause of the injury.*[1] The Restatement of Torts, 2d, § 503(3), pp 592–593, states the rule as follows:

" 'A plaintiff whose conduct is in reckless disregard of his own safety is barred from recovery against a defendant whose reckless disregard of

the plaintiff's safety is a legal cause of the plaintiff's harm.'

"[fn] ¹ 2 Harper & James, Law of Torts, § 22.6, p 1214." (Emphasis supplied.)

We find that, at best, the decedent was guilty of conduct of the same nature and quality as that of defendant. Plaintiffs' complaint admitted that decedent had consumed a large amount of alcohol, had adjusted his auto's engine for greater speed and had driven at a high rate of speed while intoxicated. We find that, as a matter of law, plaintiffs' complaint makes out a case of wilful and wanton misconduct on decedent's part. Therefore, under the *Toomer* test, because defendant's conduct could not be, as a matter of law, of a greater nature and quantity than decedent's conduct, plaintiffs are barred from recovery.[4]

Reversed. Costs to defendant.

---

[4] By this opinion we do not, as defendant suggests, hold that an entrustee could never recover from an entrustor. Such a recovery must come within the parameters of our discussion of gross negligence and wilful and wanton misconduct.