## POPIELARSKI *v.* CITY OF WARREN.

1. JUDGMENT—SUMMARY JUDGMENT—GOVERNMENTAL IMMUNITY.
   Summary judgment for city and board of county road commis-
   sioners is proper under existing statute relieving city and
   county of legal liability in connection with maintaining State
   trunk line highways (CLS 1961, § 250.61).

2. COUNTIES—BOARD OF ROAD COMMISSIONERS.
   The county board of road commissioners is an adjunct of the
   county, and relief from tort liability given to the county
   relieves the board of such liability.

3. COSTS—MUNICIPAL CORPORATIONS—COUNTIES—TORTS.
   No costs are allowed in action for personal injuries alleged to be
   due to negligence of defendant city and defendant county in
   maintaining traffic light at intersection of a county road and
   a State trunk line highway (CLS 1961, § 250.61).

Appeal from Macomb; Noe (Alton H.), J. Sub-
mitted January 1, 1968. (Calendar No. 11, Docket
No. 51,692.) Decided May 6, 1968.

Complaint by Geraldine Popielarski, a minor, by
next friend, and Frank Popielarski, against City of
Warren, a municipal corporation, Board of Road
Commissioners of Macomb County, and Charles
Milbreath, for personal injuries and medical ex-
pense arising from an automobile collision on Sep-
tember 1, 1962. Summary judgments for defend-

REFERENCES FOR POINTS IN HEADNOTES
[1] 41 Am Jur, Pleading § 340 *et seq.*
[2] 25 Am Jur, Highways § 346 *et seq.*
[3] 5 Am Jur 2d, Appeal and Error § 1009 *et seq.*

ants City and County Board. Plaintiffs appealed to Court of Appeals; case transferred to Supreme Court. Affirmed.

*Feikens, Dice, Sweeney & Sullivan* (*Jack R. Sullivan, Sam W. Thomas,* and *Joseph Levin,* of counsel), for plaintiffs.

*Matthews, Nank & Spier* (*David M. Serotkin,* of counsel), for defendant City of Warren.

*Nunneley, Nunneley & Hirt* (*Thomas D. Rinehart,* of counsel), for defendant Board of County Road Commissioners of Macomb County.

PER CURIAM. These are consolidated actions for negligence, arising out of an automotive collision in the intersection of Van Dyke highway, a State trunk line, and Chicago road, a county road under the statutory jurisdiction of the defendant board of road commissioners. The collision occurred shortly after midnight September 1, 1962. Plaintiff Geraldine Popielarski, a minor, was riding in a car proceeding west on Chicago. Defendant Milbreath was owner of the other involved car. It was headed south on Van Dyke.

The intersection was in the city of Warren. Plaintiffs sued the city, the Macomb county board of road commissioners, and Milbreath. We are concerned only with the causes plaintiffs have alleged against the defendant city and the defendant board, each having been relieved of liability upon grant of separate motions for summary judgment.

One of the alleged causes of the collision was operational failure of the signal which controlled traffic through and across the intersection. For present purposes both appellees agree that the com-

plaints state what otherwise would be duly pleaded causes of actionable negligence as against the defendant county and the defendant city, leaving only the specific question of immunity from liability which each defendant claims separately.

The respective motions for summary judgment were upheld by Judge Noe for a reason no counsel for the appellees has briefed; that is, want of legally required timely notices of claim. However, the judgments proper recite that "timely notice was given by the plaintiffs" (to the city and to the board). It is evident that appellee counsel have agreed to eliminate the question of notice to obtain a determination that the defendant city, and the defendant board of road commissioners, are each immune from the liability plaintiffs have pled; the collision having occurred since 1959 (when *Jourdin* v. *City of Flint*, 355 Mich 513 was released) and at a time when PA 1959, No 185 (CLS 1961, § 250.61 [Stat Ann 1968 Cum Supp § 9.901]) "relieved" counties, townships, villages and cities "of all expenses and legal liabilities" which otherwise might arise under CL 1948, §§ 224.21 and 242.1–242.8.[1]

*First: Liability of the defendant city.*

Liability of the defendant city is asserted on ground that the city police department received immediate notice of the danger at Van Dyke and Chicago and thereafter did nothing to protect or warn traffic, pending restoration of operation of the traffic signal, excepting to call the road commission office and advise that the signal was out of operational order. The complaints in such regard sufficiently charge causal negligence of the city. But they are not sufficient to withstand the city's allegation of

---

[1] The reader will note that the negligence alleged in these cases occurred *after* the act of 1959 became effective and *prior to* the effective date of PA 1964, No 170 (CL 1948, §§ 691.1401–691.1415 [Stat Ann 1968 Cum Supp §§ 3.996(101)–3.996(115)]).

immunity based on the aforesaid act of 1959. Summary judgments were therefore properly entered in favor of the city, the amendment of 1959 having expressly provided immunity of cities as claimed. *Dittmar* v. *Flint,* 374 Mich 688.

*Second: Liability of the defendant board.*

The act of 1959 also "relieved" Macomb county from all liability resulting from breach of the duty imposed upon counties by section 21 of the county road law (CLS 1961, § 224.21 [Stat Ann 1958 Rev § 9.121]). It is under that section only that the defendant board was suable by and responsible if at all to the plaintiffs.[2] The board was an adjunct of the county (*Gunther* v. *County Road Commissioners of Cheboygan County,* 225 Mich 619; *Johnson* v. *Board of County Commissioners of Ontonagon County,* 253 Mich 465) and became liable to plaintiffs only to the extent of the county's liability. Of county liability there was none. The result, then, must be the same as we have arrived at with respect to the defendant city, that of no liability to plaintiffs of the defendant board.

Orders granting summary judgments affirmed. No costs.

DETHMERS, C. J., and KELLY, BLACK, T. M. KAVANAGH, SOURIS, O'HARA, ADAMS, and BRENNAN, JJ., concurred.

---

[2] "True, section 21 as amended in 1951 and 1954 is uncritically phrased. The county and the county board of road commissioners are referred to loosely and interchangeably. The statutory duty devolves on the *county,* as it did prior to the amendments of 1951 and 1954. However, the provided right of action for breach of that duty is against the *board* as defendant, which was not the case prior to the amendments of 1951 and 1954 (see CL 1948, § 224.21 [Stat Ann § 9.121])." *Moore* v. *County of Ingham,* 363 Mich 533, 537, 538.