MCPHERSON v FITZPATRICK

1. MUNICIPAL CORPORATIONS—LIABILITY IN TORT—IMMUNITY—GOVERNMENTAL FUNCTIONS—PROPRIETARY FUNCTIONS—STATUTES.

  A municipal corporation is immune from liability for injuries to property and persons when engaged in the exercise or discharge of governmental, as opposed to proprietary, functions (MCLA 691.1401 *et seq.).*

2. MUNICIPAL CORPORATIONS—MUNICIPAL FUNCTIONS—POLICE DEPARTMENT.

  The management, operation and control of a police department is a municipal function of a municipal corporation.

3. MUNICIPAL CORPORATIONS—DEPARTMENTS—BOARDS—COMMISSIONS —LIABILITY IN TORT.

  A municipal department, board, or commission is unable to raise funds for the payment of damages and is not liable in tort.

Appeal from Wayne, Charles S. Farmer, J. Submitted June 3, 1975, at Detroit. (Docket No. 19683.) Decided August 14, 1975. Leave to appeal applied for.

Complaint by Edker McPherson against Daniel C. Fitzpatrick, John Doe, John Roe I, John Roe II, and the Detroit Police Department for, *inter alia,* false imprisonment, false arrest, and assault and battery. Defendant Detroit Police Department's motion for accelerated judgment against plaintiff granted. Plaintiff appeals. Affirmed.

REFERENCES FOR POINTS IN HEADNOTES

[1] 57 Am Jur 2d, Municipal, School, and State Tort Liability § 27 *et seq.*

[2] 56 Am Jur 2d, Municipal Corporations, Counties, and Other Political Subdivisions § 114.

[3] 57 Am Jur 2d, Municipal, School, and State Tort Liability § 309.

*Littky, Mallon, Wilenkin & Best* (by *Walter S. Schwartz),* for plaintiff.

*Elliott S. Hall,* Corporation Counsel, and *Thomas H. Gallagher* and *Peter A. Letzmann,* Assistants Corporation Counsel, for defendant Detroit Police Department.

Before: DANHOF, P. J., and R. B. BURNS and R. M. MAHER, JJ.

PER CURIAM. On October 11, 1973, plaintiff instituted a lawsuit in the Wayne County Circuit Court against the Detroit Police Department and several of its officers and employees, some of whom were not known by name. The complaint alleged, *inter alia,* false imprisonment, false arrest and assault and battery. On January 14, 1974, the trial court granted a motion for accelerated judgment, dismissing defendant police department from the suit on the grounds that the department was entitled to immunity under MCLA 691.1401 *et seq.;* MSA 3.996(101) *et seq.* Plaintiff appeals as of right.

Plaintiff claims that the language of the statute does not extend to municipal departments. This argument is based upon a facial analysis of the following language from the title of 1964 PA 170 as amended by 1970 PA 155:

"An act to make uniform the liability of municipal corporations, political subdivisions, and the state, its agencies and departments, when engaged in the exercise or discharge of a governmental function, for injuries to property and persons * * * ."

It is argued that the phrase "its agencies and departments" refers only to its direct antecedent, "the state", and not to municipal corporations and

other political subdivisions. Plaintiff would apply "the doctrine of the last antecedent" which provides that qualifying words and phrases refer only to the last antecedent where no contrary intention appears. *Kizer v Livingston County Board of Commissioners,* 38 Mich App 239; 195 NW2d 884 (1972). Plaintiff also points to definitional portions of the statute, MCLA 691.1401; MSA 3.996(101), which provide:

"Sec. 1. As used in this act:

"(a) 'Municipal corporation' means any city, village, township or charter township, or any combination thereof, when acting jointly.

"(b) 'Political subdivision' means any municipal corporation, county, township, charter township, school district, port district, or metropolitan district, or any combination thereof, when acting jointly, and any district or authority formed by 1 or more political subdivisions.

"(c) 'State' means the state of Michigan and its agencies, departments, and commissions, and shall include every public university and college of the state, whether established as a constitutional corporation or otherwise.

"(d) 'Governmental agency' means the state, political subdivisions, and municipal corporations as herein defined."

Thus, plaintiff would have us find that the Legislature did not extend immunity to municipal departments or agencies.

Our reading of the act discloses a legislative intent to provide immunity to municipal corporations in the performance of governmental, as opposed to proprietary, functions. The management, operation and control of its police department is a municipal function. *Smith v Flint City Commission,* 258 Mich 698; 242 NW 814 (1932). The formation of any city department, be it water, fire or

police, together with its rules, regulations and department heads and administrators, is only a means of promoting the efficient operation of the municipality. A municipal department, board or commission, such as the Detroit Police Department, is unable to raise funds for payment and is not liable in tort. *O'Leary v Marquette Board of Fire and Water Commissioners,* 79 Mich 281; 44 NW 608 (1890). Therefore, the police department is not liable in a tort action directed solely against said department and such an action, if directed against the City of Detroit, would be defeated on the basis of governmental immunity.

Affirmed. No costs.