SUMMERVILLE v KALAMAZOO COUNTY ROAD
COMMISSIONERS

1. Municipal Corporations—Maintenance of Streets—Counties—
County Roads—Statutes.

A municipality has no duty to maintain streets which are desig-
nated as county roads; the county has the duty to maintain
such roads (MCLA 224.21, 691.1402; MSA 9.121, 3.996[102]).

2. Municipal Corporations—Negligence—Governmental Immu-
nity—Governmental Functions—Statutes.

A city is not liable for the negligence of its employees while
engaged in the exercise of a governmental function (MCLA
691.1407; MSA 3.996[107]).

3. Negligence—Common-Law Negligence—Gross Negligence—
Wilful and Wanton Misconduct—Recklessness.

The terms "gross negligence" and "wilful and wanton miscon-
duct" are not synonymous at common law, but are different
concepts with different bases and different legal effects; it is the
element of wilfulness or recklessness which distinguishes com-
mon-law gross negligence from common-law wilful and wanton
misconduct.

4. Negligence—Instructions to Jury—Contributory Gross Negli-
gence—Common-Law Negligence—Appeal and Error.

An instruction on contributory gross, subsequent, or discovered
negligence is inapposite to a case which is concerned with the
common-law definition of negligence, and it should not be given
in such a case.

5. Negligence—Common-Law Negligence—Wilful and Wanton
Misconduct—Elements.

The elements of common-law wilful and wanton misconduct are:

References for Points in Headnotes

[1] 39 Am Jur 2d, Highways, Streets and Bridges § 73.
[2] 57 Am Jur 2d, Municipal, School, and State Tort Liability § 27 *et
seq.*
[3, 4] 57 Am Jur 2d, Negligence §§ 99, 101.
[5, 6] 57 Am Jur 2d, Negligence §§ 101–107.

(1) knowledge of a situation requiring the exercise of ordinary care and diligence to avert injury to another, (2) ability to avoid resulting harm by ordinary care and diligence in the use of the means at hand, (3) omission to use such care and diligence to avert the threatened danger, when to the ordinary mind it must be apparent that the result is likely to prove disastrous to another.

6. NEGLIGENCE—INSTRUCTIONS TO JURY—CONTRIBUTORY WILFUL AND WANTON MISCONDUCT—RECKLESSNESS—EVIDENCE—APPEAL AND ERROR.

The giving of an instruction to the jury on contributory wilful and wanton misconduct in a negligence action is reversible error where the evidence supporting the defendant's allegations of recklessness on the plaintiff's part are not supported by evidence sufficient to attribute recklessness to the plaintiff.

Appeal from Kalamazoo, Donald T. Anderson, J. Submitted June 10, 1977, at Grand Rapids. (Docket No. 29473.) Decided August 23, 1977. Leave to appeal applied for.

Complaint by Douglas G. Summerville against the Kalamazoo County Road Commissioners, the City of Portage and others for damages resulting from a collision between a motorcycle and a fallen tree on a highway. Judgment for defendants. Plaintiff appeals as to the City of Portage and the Kalamazoo County Road Commissioners. Affirmed as to defendant City of Portage. Reversed as to defendant Kalamazoo County Road Commissioners.

*Sloan, Zarbock & Risdon* and *Jerkins, Plaszczak & Hurley,* for plaintiff.

*Lilly, Smith & Domeny,* for defendant Kalamazoo County Road Commissioners.

*James, Dark & Craig,* for defendant City of Portage.

Before: R. B. Burns, P. J., and D. E. Holbrook
and M. B. Breighner,* JJ.

M. B. Breighner, J.

## Facts

This case concerns a collision between plaintiff
and a tree.

Plaintiff sustained serious and permanent inju-
ries at approximately 11:20 p.m. on July 27, 1973,
while operating a motorcycle in a northerly direc-
tion on Twelfth Street in a rural section of the
City of Portage. Twelfth Street is a north-south
street designated as a county road and is under
the jurisdiction of the Kalamazoo County Road
Commission.

On the evening of the accident a severe storm
attacked Kalamazoo County, causing extensive
damage. Severe weather warnings accompanied by
a tornado warning were issued by the National
Weather Service during the time period from 10:15
p.m. to 11:15 p.m. At some time after 9 p.m., and
before 10:30 p.m., a tree fell down across Twelfth
Street.

Between 9 p.m. and 11 p.m. the sheriff's depart-
ment was notified to make immediate contact with
the Road Commission. The fallen tree had been
observed by a reserve deputy sheriff. There was
considerable testimony introduced at the trial con-
cerning the time actual notification was received
by the Road Commission.

A farmer who lived close to the accident scene
observed the downed tree between 9:15 p.m. and
9:30 p.m. He parked his automobile approximately

---

* Circuit judge, sitting on the Court of Appeals by assignment.

250 feet south of the tree with the vehicle's four-way flashers blinking.

Some time between 9:30 p.m. and 10:30 p.m., a motorist, headed north on Twelfth Street, proceeding at about 40 mph., struck the tree and damaged his vehicle. Although his lights were on, he did not see the tree until he struck it.

After 10:30 p.m., a Portage police officer, traveling south on Twelfth Street, was notified of the fallen tree. He then proceeded to the site of the tree, observed the scene, notified his dispatcher of the problem and advised her to inform the Kalamazoo County Road Commission. He then left the area without leaving a warning device.

At approximately 11 p.m. another motorist driving north on Twelfth Street, and traveling 30 to 35 mph., just missed hitting the tree. It was raining heavily at this time.

Plaintiff estimated the speed of his motorcycle to be between 20 and 30 mph. One witness testified plaintiff was driving too fast for conditions at the time of the mishap. It was raining and plaintiff was wearing tinted glasses. Plaintiff and his passenger testified they saw a car on the side of the highway but did not observe flashing lights. Plaintiff claimed he did not see the tree until just before he hit it. He testified the motorcycle lights illuminated the road between 10 and 14 feet ahead of the motorcycle.

There was sharp conflict in testimony concerning plaintiff's use of intoxicants prior to the accident. Plaintiff said he had had nothing intoxicating to drink. Testimony of independent witnesses in a position to observe supported this testimony. On the other hand, an independent witness at the accident scene stated he smelled a heavy odor of intoxicants. This witness also testified to a conver-

sation with plaintiff at the accident scene, during which plaintiff allegedly said he was coming back from a bar, where he really "got blasted".

At the conclusion of plaintiff's opening statement, the trial court granted the City of Portage a directed verdict. Following a lengthy trial the jury returned a verdict of no cause of action in favor of the Board of County Road Commissioners of the County of Kalamazoo.

### The City of Portage

Plaintiff's claim against the City of Portage is based on acts and omissions of the city police officer who had observed the fallen tree prior to plaintiff's accident, but left the scene without placing warning devices in the area. Plaintiff maintains the police officer knew or should have known of the danger arising from the fallen tree; that he should have taken reasonable steps to protect the public from this danger; and that failure to do so renders the city liable for plaintiff's injuries.

We reject plaintiff's argument and affirm the trial judge's dismissal of plaintiff's claim against defendant city.

Plaintiff concedes Twelfth Street is a county road under the jurisdiction of the County Road Commission. However, plaintiff contends that Const 1963, art 7, § 29, which reserves to the city "reasonable control" of its streets, creates a duty on the part of the municipality to "keep any highway under its jurisdiction * * * in condition reasonably safe and fit for travel", pursuant to MCLA 691.1402; MSA 3.996(102).

This, according to plaintiff, constitutes a statutory exception to the general governmental immunity statute, MCLA 691.1407; MSA 3.996(107). See

generally *Thomas v Department of State High-ways,* 398 Mich 1; 247 NW2d 530 (1976).

The Kalamazoo County Road Commission was responsible for maintenance and repair of Twelfth Street, pursuant to MCLA 224.21; MSA 9.121 which imposes upon the county the duty to "keep in reasonable repair * * * all county roads * * * within * * * [its] jurisdiction and under * * * [its] care and control". Since defendant city was not involved in maintaining Twelfth Street, MCLA 691.1402; MSA 3.996(102) has no application to the city.

We reject plaintiff's argument that Const 1963, art 7, § 29 creates a type of "two-tiered" or "lay-ered" jurisdiction and liability involving both the city and the County Road Commission.

The city is not liable for the negligence of its employees while engaged in the exercise of a governmental function. MCLA 691.1407; MSA 3.996(107), *Popielarski v City of Warren,* 380 Mich 651; 158 NW2d 491 (1968), *McPherson v Fitzpa-trick,* 63 Mich App 461; 234 NW2d 566 (1975), *Knight v Tecumseh,* 63 Mich App 215; 234 NW2d 457 (1975).

### *The Board of County Road Commissioners of the County of Kalamazoo*

Defendant, Board of Road Commissioners, re-quested and received a jury instruction on contrib-utory gross negligence and contributory willful and wanton misconduct. Timely objection was reg-istered on the ground the evidence did not support the instruction given.

The giving of this instruction constituted revers-ible error.

It should first be noted that "gross negligence"

and "willful and wanton misconduct" are not synonymous at common law, but are instead different concepts with different bases and different legal effects. *Hoag v Paul C Chapman & Sons, Inc,* 62 Mich App 290, 297; 233 NW2d 530, 533 (1975). The *Hoag* Court stated in this connection:

"Thus, for a contributorily negligent plaintiff to recover, his negligence must have ceased to exist as the proximate cause and defendant's negligence must have continued and have been the proximate cause of plaintiff's injuries. *Routt v Berridge,* 294 Mich 666; 293 NW 900 (1940). Gross negligence and subsequent negligence are identical concepts." 62 Mich App at 298; 233 NW2d at 534.

Since the case at bar is concerned with the common-law definition of gross negligence, an instruction on contributory gross, subsequent, or discovered negligence was factually inapposite and should not have been given. See *Gibbard v Cursan,* 225 Mich 311; 196 NW 398 (1923).

In distinguishing so-called "gross negligence" from willful and wanton misconduct, the *Hoag* Court observed:

"Wilful and wanton misconduct, at common law, is comprised of the same elements as are both gross negligence and wilful and wanton misconduct under the guest passenger proviso of the civil liability act [MCLA 257.401; MSA 9.2101]." *Hoag, supra,* at 299; 233 NW2d at 535.

The elements of common-law willful and wanton misconduct are: (1) knowledge of a situation requiring the exercise of ordinary care and diligence to avert injury to another; (2) ability to avoid resulting harm by ordinary care and diligence in the use of the means at hand; (3) omission to use

such care and diligence to avert the threatened danger, when to the ordinary mind it must be apparent that the result is likely to prove disastrous to another. *Kieft v Barr,* 391 Mich 77, 80; 214 NW2d 838, 839 (1974), *Hoag, supra,* at 299–300; 233 NW2d at 535.

It is the element of willfulness or recklessness which distinguishes common-law gross negligence from common-law willful and wanton misconduct. *LaCroix v Grand Trunk Western R Co,* 379 Mich 417, 424; 152 NW2d 656, 659 (1967), *Hoag, supra,* at 299–300; 233 NW2d at 535.

We must therefore examine the evidence to determine if plaintiff's conduct was "reckless", justifying an instruction on contributory willful and wanton misconduct as that term is defined at common law.

The bases alleged by defendant, Board of Commissioners, in support of the requested instruction may be summarized as follows: (1) plaintiff was driving too fast for conditions when he could not see the roadway within the assured clear distance ahead; (2) he should not have been driving an open vehicle under the circumstances of the weather; (3) he was intoxicated at the time of the mishap; (4) his motorcycle was not equipped with sufficient headlamps; (5) he was wearing sunglasses which impaired his vision; and (6) he ignored a vehicle with flashing signals which served as warning of danger ahead.

Our examination of these alleged bases in the light of all the evidence presented discloses insufficient evidentiary support for imputing recklessness to plaintiff.

Plaintiff testified he was traveling at 20 to 30 mph at the time of the crash. His passenger estimated the motorcycle's speed at 25 mph. Two

other motorists testified they had been driving in the area on the night in question at speeds of 40 mph and 30 to 35 mph respectively. Plaintiff's speed creates a jury-submissible question of contributory negligence, but does not demonstrate recklessness.

Plaintiff's driving of a motorcycle in a rainstorm is not probative of recklessness. Plaintiff testified the rain had stopped before he decided to leave for home. He said the rain resumed when he was part way home. The fortuitous resumption of rainfall during plaintiff's return journey does not indicate willful and wanton misconduct.

The evidence regarding plaintiff's alleged use of intoxicants prior to the crash was conflicting. No recklessness can be attributed to plaintiff from this evidence.

Defendant, Board of Commissioners, requested and received a separate jury instruction regarding the allegedly insufficient headlamp on plaintiff's motorcycle. The evidence in this regard is insufficient to demonstrate recklessness.

Plaintiff testified he had been wearing sunglasses at the time of the accident in order to keep insects and rain from striking him in the eyes. While use of yellow-tinted glasses might be regarded as sufficiently questionable to create an issue of contributory negligence, it is not indicative of reckless disregard for his own safety.

Finally, plaintiff and other witnesses claimed they observed no flashing lights on the automobile parked along Twelfth Street. Whether or not believed, the mere failure to deduce that the parked car indicated a fallen tree ahead does not warrant a conclusion of recklessness.

Since the instruction on contributory willful and wanton misconduct was not supported by evidence

in this case, the giving of such an instruction was reversible error. *Cf. LaCroix, supra,* at 433; 152 NW2d at 663.

We do not deal with plaintiff's other allegations of error in view of our finding that an instruction on willful and wanton misconduct should not have been given.

Affirmed as to defendant, City of Portage. Reversed as to defendant, Board of County Road Commissioners of the County of Kalamazoo. No costs.