AUSTIN v CITY OF ROMULUS

Docket No. 47304. Submitted October 7, 1980, at Detroit.—Decided
   November 20, 1980. Leave to appeal applied for.

   Robert L. Austin and Linda Austin brought an action against the
   City of Romulus and the Wayne County Road Commission for
   damages resulting from an automobile accident in the City of
   Romulus, alleging a malfunctioning traffic signal as the cause
   of the accident. The city moved for summary judgment on the
   grounds of governmental immunity and lack of jurisdiction
   over the roadways involved, which motion was granted, Wayne
   Circuit Court, Patrick J. Duggan, J. Plaintiffs appeal, alleging
   that the trial court erred in granting defendant city's motion.
   *Held:*

   The trial court properly granted the city's motion. The City
   of Romulus does not have concurrent jurisdiction over the
   roads in question with the Wayne County Road Commission,
   and any allegedly negligent acts of police or other employees of
   the city in the performance of traffic control or other govern-
   mental functions in connection with the malfunctioning traffic
   signal fail to render it liable for plaintiffs' damages.

   Affirmed.

1. GOVERNMENTAL IMMUNITY — STATE AGENCIES — EXERCISE OR
   DISCHARGE OF GOVERNMENTAL FUNCTION.

   A state governmental agency is immune from tort liability in all
   cases where it is engaged in the exercise or discharge of a

REFERENCES FOR POINTS IN HEADNOTES

[1] 57 Am Jur 2d, Municipal, School, and State Tort Liability § 27.
   Governmental or proprietary nature of function. 40 ALR2d 927.
[2] 39 Am Jur 2d, Highways, Streets, and Bridges §§ 64, 337 *et seq.*
[3] 39 Am Jur 2d, Highways, Streets, and Bridges § 407.
   57 Am Jur 2d, Municipal, School, and State Tort Liability § 126.
   Liability of highway authorities arising out of motor vehicle acci-
      dent allegedly caused by failure to erect or properly maintain
      traffic control devise at intersection. 34 ALR3d 1008.
[4, 5] 39 Am Jur 2d, Highways, Streets, and Bridges § 199 *et seq.*
[5] 57 Am Jur 2d, Municipal, School, and State Tort Liability § 29.

governmental function unless otherwise provided by statute (MCL 691.1407; MSA 3.966[107]).

2. HIGHWAYS — GOVERNMENTAL AGENCIES — DUTY TO MAINTAIN HIGHWAYS — LIABILITY FOR FAILURE TO MAINTAIN HIGHWAYS — STATUTES.

A governmental agency which has jurisdiction over a highway must maintain it in reasonable repair so that it is reasonably safe and convenient for public travel, and any person sustaining bodily injury or damage to his property by reason of failure of such agency to so maintain a highway may recover the damages suffered by him from the agency (MCL 691.1402; MSA 3.966[102]).

3. HIGHWAYS — TRAFFIC SIGNALS — LIABILITY FOR FAILURE TO MAINTAIN SIGNALS — STATUTES.

Traffic signals which control the flow of traffic on a highway are an integral part of the improved portion of a highway, and the statutory exception to governmental immunity for failure to maintain a highway applies (MCL 691.1402; MSA 3.996[102]).

4. HIGHWAYS — MUNICIPAL CORPORATIONS — MAINTENANCE OF STATE TRUNK LINES — LIABILITY FOR OMISSIONS IN MAINTENANCE — GOVERNMENTAL IMMUNITY.

A municipal corporation should not be held liable for an omission in maintaining a state trunk line, such lines being under the jurisdiction of the state, and municipal corporations may claim governmental immunity in an action for damages resulting from an omission in maintenance.

5. HIGHWAYS — MUNICIPAL CORPORATIONS — COUNTY ROADS — JURISDICTION.

A municipal corporation does not acquire jurisdiction over county roads for which its police perform traffic control and other governmental functions so as to render it liable for damages resulting from such performance.

*Goodman, Eden, Millender & Bedrosian* (by *Robert A. Koory),* for plaintiffs.

*James R. Bailey,* for defendant.

Before: D. C. RILEY, P.J., and N. J. KAUFMAN and MACKENZIE, JJ.

D. C. RILEY, P.J. Plaintiff Robert Austin sustained injuries arising out of a motor vehicle accident that occurred in the City of Romulus on June 24, 1976, at the intersection of Wayne and Eureka roads. The alleged cause of the accident was a malfunctioning traffic signal. Plaintiffs instituted this lawsuit against both the City of Romulus and the Wayne County Road Commission and now appeal, as of right, a trial court order dismissing the city from the lawsuit.

Deposition testimony reveals the following facts. According to a Wayne County Sheriff's Department deputy, the department's log contains an entry made at 8:09 a.m. on June 24, 1976, regarding the malfunctioning traffic signals at Wayne and Eureka roads. The deputy further stated that either he or another officer had radioed in to let the department know that the signal was not working. A police report for the accident at issue, made at 1:38 p.m. on June 24, 1976, indicated that there was no red light for northbound Wayne road. In addition, he testified that Romulus does not have its own police department but, instead, has a contract with the Wayne County Sheriff's Department.

A traffic maintenance engineer for the Wayne County Road Commission testified at his deposition that only the commission maintains and repairs traffic signal lights at the intersection in question since there are written agreements that the county will maintain the signals. He also stated that the defective signal at issue was at an intersection of two county roads.

An electrician subforeman with the road commission testified that he arrived to repair the signals at 1:55 p.m. He stated that both the northbound red lights were not working at the intersec-

tion but that the green and amber lights were working. The apparent reason for the delay in repairing the traffic signal was that the report to the electrician indicated only that *a* red light was out, and he thought that one of the red lights would still be operating.

On December 5, 1978, defendant City of Romulus filed a motion for summary judgment pursuant to MCL 691.1402; MSA 3.996(102), based upon a claim of governmental immunity and lack of jurisdiction over the roadways involved. Finding that it was undisputed that the accident had occurred on recognized county roads and that the Wayne County Road Commission was the governmental agency having jurisdiction over the highways in question, the court granted the motion. Plaintiffs appeal that decision and order.

The issue before this Court is, essentially, whether more than one governmental agency may have jurisdiction over a highway under MCL 691.1402; MSA 3.996(102). Our starting point is MCL 691.1407; MSA 3.996(107), which provides that:

"Sec. 7. Except as in this act otherwise provided, all governmental agencies shall be immune from tort liability in all cases wherein the government agency is engaged in the exercise or discharge of a governmental function. Except as otherwise provided herein, this act shall not be construed as modifying or restricting the immunity of the state from tort liability as it existed heretofore, which immunity is affirmed."

In short, Romulus is not liable for the negligence of its employees while engaged in the exercise of a governmental function, unless some exception can be found. Plaintiffs contend that the exception is

found in MCL 691.1402; MSA 3.996(102), which, in pertinent part, provides as follows:

"Sec. 2. Each governmental agency having jurisdiction over any highway shall maintain the highway in reasonable repair so that it is reasonably safe and convenient for public travel. Any person sustaining bodily injury or damage to his property by reason of failure of any governmental agency to keep any highway under its jurisdiction in reasonable repair, and in condition reasonably safe and fit for travel, may recover the damages suffered by him from such governmental agency. The liability, procedure and remedy as to county roads under the jurisdiction of a county road commission shall be as provided in section 21, chapter 4 of Act No. 283 of the Public Acts of 1909, as amended, being section 224.21 of the Compiled Laws of 1948."

We note, in passing, that "[t]raffic signals which control the flow of traffic are an integral part of the improved portion of the highway", *Lynes v St Joseph County Road Comm,* 29 Mich App 51, 59; 185 NW2d 111 (1970), so that the above-cited exception to the immunity statute is applicable in the instant case.

Since both roads at issue are admittedly county roads, MCL 224.21; MSA 9.121 is also applicable in this case. It provides, in part, as follows:

"Sec. 21. * * * *It is hereby made the duty of the counties to keep in reasonable repair, so that they shall be reasonably safe and convenient for public travel, all county roads, bridges and culverts that are within their jurisdiction and under their care and control and which are open to public travel.* The provision of law respecting the liability of townships, cities, villages and corporations for damages for injuries resulting from a failure in the performance of the same duty respecting roads under their control, shall apply to counties adopting such county road system." (Emphasis added.)

Although plaintiffs concede the fact that the roads in question are county roads under the jurisdiction of the Wayne County Road Commission, they argue that, because Const 1963, art 7, § 29, reserves to cities and other units of government "reasonable control" over its highways, streets and alleys, the city also had jurisdiction over the intersection in question. Their contention is that MCL 691.1402; MSA 3.996(102) does not prevent more than one governmental unit from having jurisdiction over any particular road.

To buttress their claim that the city and road commission have concurrent jurisdiction over the intersection in question, plaintiffs raise the following facts. The City of Romulus commonly notifies the road commissioner of highway related problems such as malfunctioning traffic signals. The city often patrols such problem areas, protecting the affected area until a repair person arrives. Based on these facts, plaintiffs would have us find that both the city and the road commission had jurisdiction over the intersection.

We disagree with plaintiffs' contention. Neither the statutes controlling this case nor case law interpreting them support such a result. In *Bennett v City of Lansing*, 52 Mich App 289; 217 NW2d 54 (1974), plaintiff was injured as a result of a malfunctioning traffic signal at the intersection of two state trunkline highways. It was uncontroverted that the city, through its Board of Water and Light, had agreed to undertake the maintenance and repair of the traffic light. The city and the board moved for summary judgment on the ground that they were immune because the State Highway Department had jurisdiction over the highways in question. Affirming the trial court's order granting the motion, we held:

"Therefore, the state trunkline highways here in question are within the jurisdiction of the State Highway Department and not the municipal corporation. It has been held that the provisions of 1964 PA 170 must be strictly construed. *Johnson v Michigan,* 32 Mich App 37; 188 NW2d 33 (1971). Given that rule of construction, since the highways were not within the jurisdiction of the defendant municipal corporation, the § 2 exception does not apply, thus the § 7 governmental immunity is available." 52 Mich App 289, 294-295.

The Court further noted that there could be no serious dispute that the City of Lansing and its municipal utility were engaged in the exercise of a governmental function in operating the traffic lights:

"In the present case, however, the traffic control light was within the scope of the state's responsibility and jurisdiction; this Court having determined, in the words of *Lynes v St Joseph County Road Commission,* 29 Mich App 51, 59; 185 NW2d 111, 114 (1970), that:

" 'Traffic signals which control the flow of traffic are an integral part of the improved portion of the highway.'

"See also *Williams v Department of State Highways,* 44 Mich App 51; 205 NW2d 200 (1972).

"The trial court properly granted the motion for summary judgment * * *. While at first blush it seems odd that the state must answer for the omission of a local unit of government, it must be remembered that if local units of government were not absolved of liability with respect to maintenance of state trunkline highways, local units of government would be less willing to undertake the responsibility of said maintenance on behalf of the state."

Although distinguishable from the case at bar, *Bennett* is highly relevant in the present context. First, the Court refused to give an expansive defi-

nition to "jurisdiction" under MCL 691.1402; MSA 3.996(102). We refused to acknowledge concurrent jurisdiction by the State Highway Commission and the municipality through which the highway passed, even though the city, through its municipal utility, had agreed that it would undertake to repair the traffic light in question. Second, the Court expressed an important reason for declining to find concurrent jurisdiction, namely, the predictable reluctance of governmental units from undertaking governmental activities which they may feel can be left to another governmental unit to perform since neither unit would have sole and exclusive jurisdiction.

We believe this case falls squarely within the rule announced in *Summerville v Kalamazoo County Road Comm,* 77 Mich App 580; 259 NW2d 206 (1977), a case which bolsters the limited view of jurisdiction expressed in *Bennett.* In *Summerville,* plaintiff sustained serious injuries while operating a motorcycle on a street in the City of Portage, designated as a county road and under the jurisdiction of the Kalamazoo County Road Commission. The plaintiff hit a tree that had fallen into the street during a storm. The sheriff's department had been notified, prior to the accident, to make immediate contact with the road commission. In addition, a Portage police officer, having been notified of the fallen tree, contacted the dispatcher about the problem and advised her to inform the road commission. He left the area without leaving a warning device.

The Court rejected the plaintiff's claim against the City of Portage based on acts and omissions of a city police officer who had seen the fallen tree before the accident but who did not place warning devices in the area before leaving the scene. The plaintiff had maintained 'that such failure ren-

dered the city liable for plaintiff's injuries. The Court stated:

"Plaintiff concedes Twelfth Street is a county road under the jurisdiction of the County Road Commission. However, plaintiff contends that Const 1963, art 7, § 29, which reserves to the city 'reasonable control' of its streets, creates a duty on the part of the municipality to 'keep any highway under its jurisdiction * * * in condition reasonably safe and fit for travel', pursuant to MCLA 691.1402; MSA 3.996(102).

"This, according to plaintiff, constitutes a statutory exception to the general governmental immunity statute, MCLA 691.1407; MSA 3.996(107). See generally *Thomas v Department of State Highways,* 398 Mich 1; 247 NW2d 530 (1976).

"The Kalamazoo County Road Commission was responsible for maintenance and repair of Twelfth Street, pursuant to MCLA 224.21; MSA 9.121 which imposes upon the county the duty to 'keep in reasonable repair * * * all county roads * * * within * * * [its] jurisdiction and under * * * [its] care and control'. Since defendant city was not involved in maintaining Twelfth Street, MCLA 691.1402; MSA 3.996(102) has no application to the city.

"We reject plaintiff's argument that Const 1963, art 7, § 29 creates a type of 'two-tiered' or 'layered' jurisdiction and liability involving both the city and the County Road Commission.

"The city is not liable for the negligence of its employees while engaged in the exercise of a governmental function. MCLA 691.1407; MSA 3.996(107), *Popielarski v City of Warren,* 380 Mich 651; 158 NW2d 491 (1968), *McPherson v Fitzpatrick,* 63 Mich App 461; 234 NW2d 566 (1975), *Knight v Tecumseh,* 63 Mich App 215; 234 NW2d 457 (1975)." 77 Mich App 580, 584-585.

At first blush, a recent decision of this Court, *Stricker v Dep't of State Highways,* 96 Mich App 505; 292 NW2d 240 (1980), appears to retreat from our trend against recognizing concurrent jurisdic-

tion. In *Stricker,* the plaintiff was severely injured when his truck was hit by a train when he attempted to cross a railroad crossing in Macomb County. The Court of Claims had granted summary judgment in favor of the State Highway Department on the basis that the railroad tracks were under the exclusive jurisdiction of the County Road Commission. This Court stated:

"MCL 247.652; MSA 9.1097(2) and MCL 247.655; MSA 9.1097(5) require the Board of County Road Commissioners to certify those roads selected as county primary and county local roads. An affidavit from the engineer of the local government division of Michigan Department of State Highways and Transportation stated that 24 Mile Road was certified by the Macomb County Road Commission as being under their jurisdiction. Furthermore, the county highway engineer from Macomb County Road Commission stated that said roadway was under Macomb County Road Commission jurisdiction. Nevertheless, there were conflicting affidavits which would indicate a question of fact as to jurisdiction over the road. This Court has held that the jurisdictional nature of a road is a question of fact. *Robinson v Emmet County Road Comm,* 72 Mich App 623, 641; 251 NW2d 90 (1976).

"While we do not hold that because the State Highway Department has authority over the public entities responsible for maintaining safe railroad crossings it has jurisdiction over the crossings of roadways themselves, we do feel that genuine issues as to material facts exist in the instant case. We feel plaintiff should be given an opportunity in court to prove whether there is liability either of the state, the county, or both. The fact that the Macomb County Road Commission maintains jurisdiction over the road in question does not totally eliminate the possibility that the defendant State Highway Department could also maintain concurrent jurisdiction over the road." 96 Mich App 505, 508.

An important factor distinguishing *Stricker*

from *Bennett, supra, Summerville, supra,* and the instant case, is that the *Stricker* panel saw that a fact question existed because of conflicting affidavits as to how the road in question had been classified under MCL 247.652; MSA 9.1097(2) and MCL 247.655; MSA 9.1097(5). In the instant case, however, the plaintiffs did not contest that the accident occurred at an intersection of two county roads under the jurisdiction of the Wayne County Road Commission.

We find plaintiffs' contention that Romulus should acquire jurisdiction over these county roads merely because the city police perform traffic control and other governmental functions on that roadway untenable. MCL 224.21; MSA 9.121, read along with MCL 691.1402; MSA 3.996(102), does not suggest that all municipalities through which a county or state road runs have concurrent jurisdiction over the road with the other governmental unit and are thereby deprived of their governmental immunity. Moreover, under MCL 224.21; MSA 9.121, quoted *supra,* the duty for maintaining highways under their jurisdiction in a reasonably safe condition appears to rest solely upon counties.

Any allegedly negligent acts of police or other employees of the City of Romulus in the performance of such governmental functions as traffic control while the traffic light was malfunctioning also fail to render the city liable. *Summerville, supra,* 585.

Plaintiffs' other contention is without merit.

Affirmed. No costs, statutory construction being involved.