# STATE OF MICHIGAN

# COURT OF APPEALS

MICHELLE A. MONDAK,

　　　　　Plaintiff-Appellee,

v

TAYLOR POLICE DEPARTMENT, CITY OF
TAYLOR, CORPORAL J. ADAMISIN, and
OFFICER R. BARNOSKY,

　　　　　Defendants-Appellants.

UNPUBLISHED
March 23, 2017

No. 330459
Wayne Circuit Court
LC No. 14-013795-NI

Before: HOEKSTRA, P.J., and JANSEN and SAAD, JJ.

PER CURIAM.

In this tort action against governmental agencies and governmental employees, defendants the City of Taylor ("the City"), the City of Taylor Police Department ("the department"), and individual employees Corporal Jeffery Adamisin and Officer Rick Barnosky (collectively, "defendants") appeal as of right an order denying their motion for summary disposition under MCR 2.116(C)(7), (C)(8), and (C)(10). Because defendants are entitled to the protections of governmental immunity, we reverse the decision of the trial court and remand for entry of summary disposition in favor of all defendants with regard to all of plaintiff's claims.

According to plaintiff's version of events, she and two family members attended a fireworks show on the evening of June 28, 2014 at a park in the City of Taylor. While watching the fireworks display, plaintiff saw a large group of young men run through the park. These men were, according to plaintiff, pursued by numerous police officers, including two officers with dogs on leashes. Although plaintiff cannot identify any of the officers, the evidence suggests that Corporal Jeffery Adamisin and Officer Rick Barnosky, both of whom are trained K-9 handlers, were the officers patrolling the park that evening with their respective police K-9s. Plaintiff contends that these officers ran or walked quickly with their dogs, and that, as they passed by plaintiff, one of the dogs bit her leg. Plaintiff claims that she then heard one of the officers say "no," and he then jerked the leash and continued moving through the crowd with the dog. According to plaintiff, everything "happened so quick" and the whole incident was over in a "matter of seconds, just vroom." At her deposition, plaintiff described the incident as an "accident," specifying that she did not think that she had been intentionally bitten.

-1-

When the incident occurred, plaintiff did not alert the officers to the fact that she had been bitten. She also did not scream or give any other indication of distress. Thereafter, plaintiff did not leave the park, she did not seek out a police officer to report the incident, and she did not seek medical treatment. Instead, plaintiff stayed and watched the remainder of the fireworks for another 30 or 40 minutes. She was then able to walk to the car under her own power.

Following the fireworks, plaintiff went home. A few days later, plaintiff went to the police department and made a report of the incident. In this police report, she described her injury as "a half dollar size bruise." Plaintiff's family members similarly described a "bruise" on plaintiff's leg, and there were no signs of blood on plaintiff's leg. Indeed, plaintiff concedes that her physical injuries are "not severe" and that her injuries are "more of a mental issue because of her pre-existing mental condition."

In October of 2014, plaintiff filed a complaint against the City, the department, Corporal Adamisin, and Officer Barnosky. However, plaintiff's complaint did not mention governmental immunity, and she made no attempt to plead in avoidance of governmental immunity. Instead, plaintiff's complaint consisted of two counts as to all defendants: (1) a statutory claim under MCL 287.351, the dog-bite statute, which makes the "owner" of a dog strictly liable for unprovoked dog bites, provided that the victim is on public property or lawfully on private property, and (2) a common law negligence claim. With regard to negligence, plaintiff did *not* plead gross negligence by defendants.

Following discovery, defendants moved for summary disposition under MCR 2.116(C)(7), (C)(8), and (C)(10). Among other arguments, defendants contended that they were entitled to the protections of governmental immunity provided by the Governmental Tort Liability Act (GTLA), MCL 691.1401 *et seq.* Defendants emphasized plaintiff's failure to identify an exception to governmental immunity and, with respect to the individual officers, to identify conduct amounting to gross negligence. The trial court denied summary disposition to all defendants with regard to all claims. At the hearing on defendants' motion for summary disposition, the trial court also granted an oral motion by plaintiff's attorney to amend the complaint to add allegations of gross negligence. After defendants filed their appeal to this Court, plaintiff filed an amended complaint, which includes three claims relating to all defendants: (1) a claim under the dog-bite statute, MCL 287.351, (2) common law ordinary negligence, and (3) gross negligence.

On appeal, defendants contend that the trial court erred by denying their motion for summary disposition because defendants are entitled to the protections of governmental immunity under the GTLA. According to defendants, plaintiff has failed to identify an exception to governmental immunity that would apply to the City and the department, and the evidence does not support the assertion that the officers acted with gross negligence. In contrast, plaintiff maintains that the officers were grossly negligent by running through the crowded park with dogs "prone to attack," particularly when the officers did not even realize that the dog bit plaintiff. Plaintiff also maintains that the City and department may be held vicariously liable for the officers' conduct as well as liable for their own negligence and their ownership of the dogs.

## I. STANDARD OF REVIEW

We review a decision on a motion for summary disposition de novo. *Herman v Detroit*, 261 Mich App 141, 143; 680 NW2d 71 (2004). "The applicability of governmental immunity is a question of law that is reviewed de novo on appeal." *Id.* "The determination whether a governmental employee's conduct constituted gross negligence under MCL 691.1407 is generally a question of fact, but, if reasonable minds could not differ, a court may grant summary disposition." *Oliver v Smith*, 269 Mich App 560, 563; 715 NW2d 314 (2006). When a claim is barred because of immunity granted by law, summary disposition is properly granted under MCR 2.116(C)(7). *Hannay v Dep't of Transp*, 497 Mich 45, 58; 860 NW2d 67 (2014).

> In reviewing a motion under subrule (C)(7), a court accepts as true the plaintiff's well-pleaded allegations of fact, construing them in the plaintiff's favor. The Court must consider affidavits, pleadings, depositions, admissions, and any other documentary evidence submitted by the parties, to determine whether a genuine issue of material fact exists. These materials are considered only to the extent that they are admissible in evidence. [*Nuculovic v Hill*, 287 Mich App 58, 61; 783 NW2d 124 (2010) (internal citations omitted).]

## II. THE CITY AND THE DEPARTMENT

Under MCL 691.1407(1), aside from certain exceptions, "a governmental agency is immune from tort liability if the governmental agency is engaged in the exercise or discharge of a governmental function." As defined by statute, a "governmental agency" means "this state or a political subdivision," which includes "municipal corporations," such as cities, and "department[s]" of political subdivisions, such as police departments. See MCL 691.1401(a), (d), and (e); *Hannay*, 497 Mich at 59; *Mack v Detroit*, 467 Mich 186, 204; 649 NW2d 47 (2002). "It is well established in Michigan that the management, operation, and control of a police department is a governmental function." *Mack*, 467 Mich at 204.

With regard to the extent of the immunity provided to governmental agencies by MCL 691.1407(1), this immunity from tort liability "is expressed in the broadest possible language—it extends immunity to all governmental agencies for *all* tort liability whenever they are engaged in the exercise or discharge of a governmental function." *Nawrocki v Macomb Co Rd Com'n*, 463 Mich 143, 156; 615 NW2d 702 (2000). There are six statutory exceptions to this broad grant of immunity, but these exceptions must be narrowly construed. *Id.* at 158; *Wesche v Mecosta Co Rd Com'n*, 480 Mich 75, 84 n 10; 746 NW2d 847 (2008). Further, "when a party files suit against a governmental agency, it is the burden of that party to plead his or her claim in avoidance of governmental immunity." *Hannay*, 497 Mich at 58. "A plaintiff pleads in avoidance of governmental immunity by stating a claim that fits within a statutory exception or by pleading facts that demonstrate that the alleged tort occurred during the exercise or discharge of a nongovernmental or proprietary function." *Mack*, 467 Mich at 204.

Turning to the present facts, the City and the department were clearly entitled to the protections of governmental immunity set forth in MCL 691.1407(1), and the trial court erred by denying their motion for summary disposition. As defined by statute, both the City and the department constitute "governmental agencies." See MCL 691.1401(a), (d), and (e); *Mack*, 467 Mich at 204. It is undisputed that the City and department, insofar as they were involved with activities such as assignment of the K-9 units to the park, were engaged in the management and

control of the police department, which constitutes the exercise or discharge of a governmental function. See *Mack*, 467 Mich at 204-205. It was thus incumbent upon plaintiff to demonstrate an exception to governmental immunity, but she has not done so. Indeed, plaintiff did not even address governmental immunity in her initial complaint. Cf. *id.* at 205. And, when responding to defendants' motion for summary disposition, plaintiff failed to identify an exception to governmental immunity that would apply to the City or the department.

Moreover, it is plain that plaintiff has not identified an exception to governmental immunity because there is no exception to governmental immunity applicable to the facts of this case.[1] To the contrary, plaintiff's claims fall squarely within the broad grant of immunity provided by MCL 691.1407(1). In particular, this Court has previously recognized that the dog-bite statute[2] seeks to impose "tort liability," i.e., liability for a non-contractual civil wrong; and, as such, actions brought against a governmental agency under MCL 287.351 are barred by governmental immunity. *Tate v Grand Rapids*, 256 Mich App 656, 658-660; 671 NW2d 84 (2003). Likewise, tort claims for negligence and gross negligence[3] against a governmental agency, including those claims premised on theories of vicarious liability, are barred by the GTLA when, as here, the governmental agency and employees were engaged in the exercise or discharge of a governmental function. See MCL 691.1407(1); *Ross v Consumers Power Co*, 420 Mich 567, 625; 363 NW2d 641 (1984); *Hobrla v Glass*, 143 Mich App 616, 624; 372 NW2d 630 (1985). Thus, the City and the department were entitled to summary disposition under MCR 2.116(C)(7) because all of plaintiff's proposed claims—i.e., negligence, gross negligence, and her claim under the dog-bite statute—were barred by governmental immunity.[4] See MCL 691.1407(1).

---

[1] The statutory exceptions are as follows: "the highway exception, MCL 691.1402; the motor-vehicle exception, MCL 691.1405; the public-building exception, MCL 691.1406; the proprietary-function exception, MCL 691.1413; the governmental-hospital exception, MCL 691.1407(4); and the sewage-disposal-system-event exception, MCL 691.1417(2) and (3)." *Wesche*, 480 Mich at 84 n 10.

[2] Under MCL 287.351(1), "[i]f a dog bites a person, without provocation while the person is on public property, or lawfully on private property, including the property of the owner of the dog, the owner of the dog shall be liable for any damages suffered by the person bitten, regardless of the former viciousness of the dog or the owner's knowledge of such viciousness."

[3] The "gross negligence" exception identified by plaintiff applies to individual governmental officers, employees, members or volunteers. MCL 691.1407(2). This exception does not impose liability on "the governmental agencies themselves." *Gracey v Wayne County Clerk*, 213 Mich App 412, 420; 540 NW2d 710 (1995), abrogated on other grounds by *Am Transmissions, Inc v Attorney Gen*, 454 Mich 135; 560 NW2d 50 (1997).

[4] On appeal, defendants also argue that the department should have been dismissed because it does not have a separate legal existence apart from the City, meaning that it cannot be sued. Having determined that the protections of MCL 691.1407(1) extend to the department, we need not reach this issue. Nevertheless, we note that a city department, such as a police department, is

## III.  THE INDIVIDUAL POLICE OFFICERS

Aside from governmental agencies, the GTLA also affords governmental immunity to individual employees engaged in the exercise or discharge of a governmental function. *Beals v Michigan*, 497 Mich 363, 370; 871 NW2d 5 (2015).  "The GTLA takes great pains to protect government[al] employees to enable them to enjoy a certain degree of security as they go about performing their jobs."  *Tarlea v Crabtree*, 263 Mich App 80, 88; 687 NW2d 333 (2004) (citation and quotation marks omitted).  In particular, the immunity provided to low-level governmental employees is set forth in MCL 691.1407(2), which states:

> Except as otherwise provided in this section, and without regard to the discretionary or ministerial nature of the conduct in question, each . . . employee of a governmental agency . . . is immune from tort liability for an injury to a person or damage to property caused by the officer [or] employee . . . while acting on behalf of a governmental agency if all of the following are met:
>
> (a) The . . . employee . . . is acting or reasonably believes he or she is acting within the scope of his or her authority.
>
> (b) The governmental agency is engaged in the exercise or discharge of a governmental function.
>
> (c) The . . . employee's . . . conduct does not amount to gross negligence that is the proximate cause of the injury or damage.

Briefly summarized, with regard to negligent acts, while in the course of employment, "[a]n employee of a governmental agency acting within the scope of his or her authority is immune from tort liability unless the employee's conduct amounts to gross negligence that is the proximate cause of the injury."  *Kendricks v Rehfield*, 270 Mich App 679, 682; 716 NW2d 623 (2006).  To be "the" proximate cause of an injury, the employee's gross negligence must be "the one most immediate, efficient, and direct cause of the injury or damage."  *Robinson v Detroit*, 462 Mich 439, 462; 613 NW2d 307 (2000).  As defined by statute, "gross negligence" refers to "conduct so reckless as to demonstrate a substantial lack of concern for whether an injury results."  MCL 691.1407(8).

In other words, "gross negligence" involves conduct that is "substantially more than negligent."  *Radu v Herndon & Herndon Investigations, Inc*, 302 Mich App 363, 383; 838 NW2d 720 (2013) (quotation omitted).  "Therefore, a plaintiff cannot survive a motion for summary disposition premised on immunity granted by MCL 691.1407(2) merely by presenting evidence that the employee's conduct amounted to ordinary negligence."  *Id.* at 382-383.  As explained by this Court:

---

typically not considered "a separate legal entity against which a tort action can be directed."  *Michonski v Detroit*, 162 Mich App 485, 490; 413 NW2d 438 (1987).  See also *McPherson v Fitzpatrick*, 63 Mich App 461, 463-464; 234 NW2d 566 (1975).

Simply alleging that an actor could have done more is insufficient under Michigan law, because, with the benefit of hindsight, a claim can always be made that extra precautions could have influenced the result. However, saying that a defendant could have taken additional precautions is insufficient to find ordinary negligence, much less recklessness. Even the most exacting standard of conduct, the negligence standard, does not require one to exhaust every conceivable precaution to be considered not negligent.

The much less demanding standard of care—gross negligence—suggests, instead, almost a willful disregard of precautions or measures to attend to safety and a singular disregard for substantial risks. It is as though, if an objective observer watched the actor, he could conclude, reasonably, that the actor simply did not care about the safety or welfare of those in his charge. [*Tarlea*, 263 Mich App at 90.]

In this case, at the outset, we note that the individual officers are clearly entitled to the protections of governmental immunity with respect to plaintiff's claims of ordinary negligence and strict liability as pleaded in her initial complaint. Specifically, MCL 287.351(1) holds the owner of a dog strictly liable for unprovoked dog bites, provided that the victim is on public property or lawfully on private property. See *Tate*, 256 Mich App at 658. The statute has been held to impose "an almost absolute liability in the dog owner, except in instances of provocation." *Id.* "Absolute liability equates to liability without fault." *Hill v Sacka*, 256 Mich App 443, 448; 666 NW2d 282 (2003). In other words, plaintiff's claims and allegations under MCL 287.351(1) amount to an assertion that the officers should be held liable for their mere ownership of the dog, without regard to their conduct. Because plaintiff's claims under MCL 287.351 do not involve allegations that the officers acted with gross negligence, the officers were entitled to immunity from this claim under MCL 691.1407(2).

Likewise, as noted, ordinary negligence does not constitute "gross negligence." See *Maiden v Rozwood*, 461 Mich 109, 122-123; 597 NW2d 817 (1999). "The plain language of the governmental immunity statute indicates that the Legislature limited employee liability to situations where the contested conduct was substantially more than negligent." *Id.* at 122. Consequently, to the extent plaintiff pleaded her claim as one for ordinary negligence, the officers were entitled to governmental immunity, and the trial court erred by denying their motion for summary disposition with respect to this claim. See MCL 691.1407(2); MCR 2.116(C)(7); *Costa v Cmty Emergency Med Servs, Inc*, 263 Mich App 572, 579; 689 NW2d 712 (2004).

The only issue remaining is whether plaintiff has presented evidence from which it could be concluded that the officers acted with gross negligence. We conclude that she has not and that the individual officers were entitled to summary disposition under MCR 2.116(C)(7).[5] In

---

[5] We note that, due to plaintiff's inartful pleading, her initial complaint was devoid of any reference to gross negligence. At the hearing on defendants' motion for summary disposition, in denying defendants' motion, the trial court also granted an oral motion by plaintiff to amend the

-6-

particular, the undisputed facts in this case indicate that the dogs had been trained as police dogs and that they were being handled by police officers specifically trained as dog handlers. The undisputed facts also show that the dogs were, at all times, on the shortest leashes used by the respective K-9 handlers (as compared to longer leashes used in training the K-9s and for tracking). The dogs also wore "choker chain" collars, and the dogs as well as their handlers wore clothing identifying them as police K-9 units. Such precautions and training undermine the suggestion that the officers acted with "almost a willful disregard of precautions or measures to attend to safety and a singular disregard for substantial risks." See *Tarlea*, 263 Mich App at 90.

In contrast, plaintiff generally contends that the officers were grossly negligent by running through a crowded park with dogs that she characterizes as "prone to attack."[6] But, accepting that the officers ran with the dogs, there is no evidence to support the assertion that police dogs should not be around crowds or that they should never be allowed to run while on a leash controlled by their handlers. There is also no evidence that there had been any previous misbehavior by these dogs or that police dogs (or these dogs in particular) are prone to unwarranted attack. More generally, plaintiff has offered no evidence to suggest that the dogs or

_____

complaint to add allegations of gross negligence. On appeal, the parties debate whether the trial court's decision to allow plaintiff to amend her complaint was an abuse of discretion. See generally *Diem v Sallie Mae Home Loans, Inc*, 307 Mich App 204, 215; 859 NW2d 238 (2014). However, more substantively, the parties also address whether the evidence supports the assertion that the officers' conduct amounted to gross negligence as necessary to survive a summary disposition motion under MCR 2.116(C)(7) on governmental immunity grounds. In these circumstances, rather than focus on whether the trial court abused its discretion by allowing amendment of plaintiff's complaint, we find it appropriate to cut to the heart of the matter and to decide, based on the evidence in the lower court record, whether the individual governmental employees were entitled to the protections of MCL 691.1407(2) with respect to plaintiff's allegations of gross negligence. See MCR 7.216(A)(7); see also *Rental Properties Owners Ass'n of Kent Co v Kent Co Treasurer*, 308 Mich App 498, 532; 866 NW2d 817 (2014) ("[U]npreserved error may be considered if (1) failure to do so would result in manifest injustice, (2) consideration is necessary for a proper determination of the case, or (3) the issue involves a question of law, and the facts necessary for its resolution have been presented."). In other words, rather than waste judicial resources by remanding so that defendants might move for summary disposition on plaintiff's amended complaint, we conclude that the individual officers are entitled to the protections of the GTLA and that the trial court erred by denying their motion for summary disposition under MCR 2.116(C)(7).

[6] As a purported instance of "gross negligence," plaintiff also notes that the officers did not realize that she had been bitten. According to plaintiff, this necessarily demonstrates gross negligence. However, based on plaintiff's own description, the events happened extremely quickly, she said nothing to alert the officers to the fact that the dog bit her leg, and she showed no signs of distress. Indeed, she stayed to watch the fireworks and her injuries were so minimal that she did not seek medical treatment until some days later. Moreover, even if the officers were grossly negligent in failing to recognize plaintiff's injury, such negligence in failing to stop or provide care for plaintiff after the fact would not constitute *the* proximate cause of her injury because, by that time, she had already been bitten.

officers were insufficiently trained for the event, that the officers violated K-9 handling procedures or disregarded other police manuals or rules, or that they otherwise acted negligently in moving about the park with their dogs. Indeed, short of barring all police dogs from public events, it is challenging to discern precisely what plaintiff believes the officers should have done differently that might suggest they were negligent, let alone *grossly* negligent on the night in question. See generally *Xu v Gay*, 257 Mich App 263, 270-271; 668 NW2d 166 (2003).

Ultimately, considering the gravamen of plaintiff's claims, she appears to simply assume that because she was bitten, there must have been gross negligence on the part of the officers in their handling of the dogs. But, gross negligence cannot be presumed. *Maiden*, 461 Mich at 145. Rather, plaintiff must prove the occurrence of a grossly negligent act, and "[t]o establish gross negligence as statutorily defined, the plaintiff must focus on the actions of the governmental employee, not on the result of those actions." *Id.* at 145 n 10. In short, plaintiff's conclusory assumptions are not evidence that the officers acted with "conduct so reckless as to demonstrate a substantial lack of concern for whether an injury results." MCL 691.1407(8). Absent evidence of gross negligence by the officers, the officers are entitled to the protections of governmental immunity and the trial court erred by denying their motion for summary disposition under MCR 2.116(C)(7).

In sum, the City, the department, and the individual officers were entitled to the protections of governmental immunity under the GTLA with regard to all of plaintiff's proposed claims, i.e., negligence, gross negligence, and liability under the dog-bite statute. Consequently, the trial court erred by denying defendants' motion for summary disposition under MCR 2.116(C)(7).

Reversed and remanded for entry of summary disposition in favor of defendants. We do not retain jurisdiction. Having prevailed in full, defendants may tax costs pursuant to MCR 7.219.

/s/ Joel P. Hoekstra
/s/ Kathleen Jansen
/s/ Henry William Saad